# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **SHOPIFY INC.**, a Corporation organized under the laws of Canada, | ) ) ) | |
| Plaintiff, | ) ) | **Case No. 1:24-cv-03691** |
| v. | ) ) ) | |
| **SHOPLINE TECHNOLOGY HOLDINGS PTE. LTD.**, a private limited company organized under the laws of Singapore, **SHOPLINE US, INC.**, a Delaware corporation, and **SINOXPRESS INC. d/b/a fosterry.com**, a New York corporation, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## SHOPIFY INC.'S OPPOSITION TO
## SHOPLINE TECHNOLOGY HOLDINGS PTE. LTD.'S MOTION TO DISMISS

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................................ 1

BACKGROUND ................................................................................................................. 2

    A.    Shopify's Allegations Regarding Shopline Technology's Direct And Secondary Copyright Infringement In New York ................................................... 2

    B.    Shopline Technology's Motion And Declaration ................................................... 4

LEGAL STANDARD .......................................................................................................... 6

ARGUMENT ...................................................................................................................... 6

I.    SHOPIFY PROPERLY ALLEGES THAT SHOPLINE TECHNOLOGY'S CONTACTS WITH NEW YORK SUBJECT IT TO THIS COURT'S JURISDICTION........................6

    A.    Shopify's Allegations Satisfy New York's Long Arm Statute .............................. 7

    B.    The Exercise Of Jurisdiction Comports With Due Process ................................. 12

II.    IF SHOPLINE TECHNOLOGY WANTS TO MOUNT AN EVIDENTIARY CHALLENGE TO JURISDICTION, SHOPIFY IS ENTITLED TO DISCOVERY .......15

CONCLUSION.................................................................................................................. 20

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

### CASES

*Accurate Grading Quality Assur., Inc. v. Thorpe*,
  2013 WL 1234836 (S.D.N.Y. Mar. 26, 2013) ....................................................................15

*Am. Girl, LLC v. Zembrka*,
  118 F.4th 271 (2d Cir. 2024) .......................................................................................7, 13, 14

*Aquiline Cap. Partners LLC v. FinArch LLC*,
  861 F. Supp. 2d 378 (S.D.N.Y. 2012)................................................................................15

*Aubrey v. New Sch.*,
  624 F. Supp. 3d 403 (S.D.N.Y. 2022)................................................................................4

*Blakeman v. The Walt Disney Co.*,
  613 F. Supp. 2d 288 (E.D.N.Y. 2009) ...............................................................................13

*Broad Horizons, Inc. v. Central Crude Ltd.*,
  1994 WL 623075 (S.D.N.Y. Nov. 9, 1994)..........................................................................9

*Capitol Recs., Inc. v. MP3tunes, LLC*,
  2008 WL 4450259 (S.D.N.Y. Sept. 29, 2008)......................................................................8

*Creative Photographers, Inc. v. Grupo Televisa, S.A.B.*,
  2024 WL 1533189 (S.D.N.Y. Apr. 8, 2024)..........................................................................8

*Donnelly v. Anand*,
  2022 WL 4385901 (S.D.N.Y. Sept. 22, 2022).....................................................8, 12, 13, 14

*Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*,
  722 F.3d 81 (2d Cir. 2013).................................................................................................16

*Ed. Musical Latino Americana, S.A. v. Mar Int'l Records, Inc.*,
  829 F. Supp. 62 (S.D.N.Y. 1993) .................................................................................7, 13, 14

*Fab Habitat Corp. v. Houselights, LLC*,
  2023 WL 6385977 (S.D.N.Y. Sept. 29, 2023)......................................................................16

*Federico & Co. LLC LLC v. Zurich Gen. Ins. Malaysia Berhad*,
  2023 WL 6606121 (S.D.N.Y. Oct. 10, 2023) .......................................................................16

*Freeplay Music, LLC v. Nian Infosolutions Priv. Ltd.*,
  2018 WL 3639929 (S.D.N.Y. July 10, 2018) ...............................................................18, 19

*Gmurzynska v. Hutton*,
   257 F. Supp. 2d 621 (S.D.N.Y. 2003),
   *aff'd,* 355 F.3d 206 (2d Cir. 2004) ...................................................................15

*Hunt v. Alamo*,
   2024 WL 532176 (S.D.N.Y. Feb. 9, 2024) .........................................................10

*Hypnotic Hats, Ltd. v. Wintermantel Enterprises, LLC*,
   2016 WL 7451306 (S.D.N.Y. Dec. 27, 2016) ...........................................6, 7, 13

*In re Aegean Marine Petroleum Network, Inc. Sec. Litig.*,
   529 F. Supp. 3d 111 (S.D.N.Y. 2021)..................................................................12

*Inventory Generation Inc. v. Proventure Cap. Funding LLC*,
   2023 WL 2609344 (S.D.N.Y. Mar. 23, 2023) .....................................................10

*John Wiley & Sons, Inc. v. Treeakarabenjakul*,
   2009 WL 1766003 (S.D.N.Y. June 18, 2009) .....................................................14

*LaSalle Bank Nat'l Ass'n v. Nomura Asset Cap. Corp.*,
   180 F. Supp. 2d 465 (S.D.N.Y. 2001)..................................................................10

*Levitin v. Sony Music Entm't*,
   101 F. Supp. 3d 376 (S.D.N.Y. 2015)..............................................................6, 16

*NuMSP, LLC v. St. Etienne*,
   462 F. Supp. 3d 330 (S.D.N.Y. 2020)..................................................................10

*Original Appalachian Artworks, Inc. v. Granada Elecs., Inc.*,
   816 F.2d 68 (2d Cir. 1987)...................................................................................18

*Patel v. Clane Gessel Studio*,
   2023 WL 8280498 (S.D.N.Y. Nov. 30, 2023) .....................................................17

*Pearson Educ., Inc. v. Shi*,
   525 F. Supp. 2d 551 (S.D.N.Y. 2007)....................................................................7

*Pilates, Inc. v. Pilates Inst., Inc.*,
   891 F. Supp. 175 (S.D.N.Y. 1995) .........................................................................6

*Plusgrade L.P. v. Endava Inc.*,
   2023 WL 2402879 (S.D.N.Y. Mar. 8, 2023) .......................................................12

*Rates Tech. Inc. v. Cequel Commc'ns, LLC*,
   15 F. Supp. 3d 409 (S.D.N.Y. 2014)....................................................................19

*RegenLab USA LLC v. Estar Technologies Ltd.*,
   335 F. Supp. 3d 526 (S.D.N.Y. 2018)..................................................................19

*Royalty Network Inc. v. Dishant.com, LLC*,
    638 F. Supp. 2d 410 (S.D.N.Y. 2009)........................................................................9

*Tutor Perini Bldg. Corp. v. N.Y.C. Reg'l Ctr., LLC*,
    2020 WL 7711629 (S.D.N.Y. Dec. 29, 2020) ........................................................6

*Vantone Grp. Ltd. Liab. Co. v. Yangpu NGT Indus. Co.*,
    2015 WL 4040882 (S.D.N.Y. July 2, 2015) ........................................................11

*Wilson & Wilson Holdings LLC v. DTH, LLC*,
    673 F. Supp. 3d 409 (S.D.N.Y. 2023)........................................................................6

## RULES

Fed. R. Civ. P. 1 ...........................................................................................................10

Fed. R. Civ. P. 4(k)(2)..............................................................................................18, 19

Fed. R. Civ. P.  8 ......................................................................................................11, 12

Fed. R. Civ. P. 12(b)(2)..................................................................................................16

Fed. R. Civ. P. 56 ..........................................................................................................16

Fed. R. Evid. 201 ............................................................................................................4

N.Y. C.P.L.R. § 302(a) .....................................................................................7, 8, 13, 19

**INTRODUCTION**

Shopline Technology Holdings Pte. Ltd. ("Shopline Technology") seeks to evade accountability for its role in a blatant copyright infringement scheme by claiming it is not subject to this Court's jurisdiction. Its motion to dismiss (ECF No. 37, the "Motion") elides well-pleaded allegations establishing that Shopline Technology directly infringed Plaintiff Shopify Inc.'s copyrights in the State of New York, and is secondarily liable for the infringement committed by others in New York. Unable to meaningfully contest the adequacy of these allegations, Shopline Technology cursorily suggests they are insufficient because of a typographical error and supposed group pleading. Neither challenge is well taken. Based on the allegations of Shopify's Complaint, Shopline Technology's Motion must be denied.

As if in tacit acknowledgement of that conclusion, Shopline Technology devotes almost the entirety of its Motion to pursuing an evidentiary challenge to personal jurisdiction. It submits a declaration purporting to deny Shopline Technology's role in the infringement and its contacts with New York. But that declaration has no place in a motion challenging the sufficiency of Shopify's allegations, which must be accepted as true. If Shopline Technology wants to dispute those allegations and have the Court resolve those disputes, it must afford Shopify the opportunity for jurisdictional discovery.

The need for such discovery is particularly pronounced here because Shopline Technology's declaration raises more questions than it answers. For one thing, while the declarant denies that Shopline Technology was involved in the creation or distribution of the infringing computer code at the heart of this case, it is silent on how the code came to exist, how its subsidiary, New York-based Shopline US, Inc., came to possess and distribute it in New York, and how that code was distributed in the United States before Shopline US was incorporated in August 2023.

-1-

For another thing, the declarant claims that Shopline Technology is merely a holding company with no employees or operations, even though it was somehow able to register and maintain a United States Trademark for SHOPLINE, which Shopline US is now using and which Shopline Technology must actively police to retain. And while confirming that Shopline Technology owns Shopline US, the declarant claims it does not control Shopline US and that Shopline US does not act with its consent. Shopify is entitled to explore these seeming contradictions and to buttress its allegations.

In either case, Shopline Technology's Motion should be denied.

## BACKGROUND

### A.    Shopify's Allegations Regarding Shopline Technology's Direct And Secondary Copyright Infringement In New York.

Shopify is a popular, publicly traded e-commerce service provider headquartered in Ottawa, Canada. Compl. ¶¶ 1, 7. Its service allows millions of merchants around the globe to design and operate online stores and receive backend support for everything from inventory management to payments and shipping. *Id.* ¶ 1. Central to Shopify's success is its "Dawn" computer theme, which Shopify merchants use to quickly design appealing digital storefronts on the platform. *Id.* ¶ 2. Shopify employees spent countless hours developing the code that comprises Dawn. *Id.* Shopify holds registered copyrights in three versions of Dawn. *See* ECF No. 41 (Shopline US' Request for Judicial Notice), Exs. G-I.

Shopline Technology is the Singapore-based parent company of Shopline US. Compl. ¶ 9; Mot. at 3. Together, they operate the competing Shopline e-commerce service in the United States. Compl. ¶¶ 3, 21. As part of their service's core offerings, Shopline Technology and Shopline US distribute a blatant knockoff of Shopify's Dawn theme called "Seed," which is the foundation for many of Shopline's customer storefronts. *Id.* ¶¶ 3, 8-10, 21, 32, 41. Shopify alleges

that Shopline Technology and Shopline US created Seed by making an illicit copy of Dawn, thereby infringing Shopify's copyrights in Dawn. Specifically, Shopify avers that "[t]o create its infringing Seed theme," Shopline Technology and Shopline US "started by making an unauthorized copy of Dawn, translated that unauthorized copy into a different programming language, and then made largely cosmetic changes to the Dawn code." *Id.* ¶¶ 24, 39; *see also, e.g.*, ¶¶ 4-5, 36 (alleging wholesale copying of Dawn to create Seed). Shopify further alleges that Seed is an "infringing derivative of Dawn," *id.* ¶ 47, and that Shopline Technology has continued to improperly copy and distribute Seed (and the other themes built on top of it) in New York, including to its New York-based customer, defendant SINOXPRESS INC. d/b/a fosterry.com ("Fosterry"), and has induced Fosterry and other customers to infringe in New York:

- "Shopline Technology has directly and secondarily infringed Shopify's copyrights in this state by copying, distributing and displaying Shopline's infringing theme, Seed, in this state." Compl. ¶ 14.

- "By copying, modifying and distributing its Dawn knock-off in the United States, Shopline has engaged in widespread and willful infringement of Shopify's copyrights in Dawn." *Id.* ¶ 5.

- "Defendants, and each of them . . . distribut[e] and display[] the Seed theme which is an infringing derivative of Dawn." *Id.* ¶ 47.

- "With knowledge that its Seed theme is an infringing derivative of Dawn, Shopline directs and encourages its merchants (including [New York-based] Fosterry) and developers to make use of, distribute, manufacture, and reproduce the infringing Seed theme for their own online stores, and for use in web development services for their clients." *Id.* ¶ 51.

- "By actively promoting use of the infringing Seed theme to merchants and developers, Shopline has induced them to use that infringing work and to further infringe Shopify's copyrights." *Id.* ¶ 52.

- "Shopline is also contributorily liable for the infringement of its merchants, like Defendant Fosterry, who are using this stolen version of Dawn to power their operations." *Id.* ¶ 5.

### B.     Shopline Technology's Motion And Declaration.

In support of its Motion, Shopline Technology submitted the Declaration of Raymond Hsu (ECF No. 38, the "Hsu Declaration"), who claims he is an employee of Shopline Technology's subsidiary, Instage Technology Pte. Ltd.  Hsu Decl. ¶ 3.  The 27-paragraph declaration confirms that "Shopline Technology is the parent company of Shopline US" (*id*. ¶ 16) and "Shopline US is a wholly-owned subsidiary of Shopline Technology" (*id.* ¶ 3).  According to Hsu, Shopline US "provides software that enables businesses to design and operate online stores in the United States."  *Id*. ¶ 15.  But Shopline US did not exist until August 7, 2023,[1] three years after U.S.-based merchants began using the Shopline service.[2]  Hsu does not identify the Shopline entity responsible for Shopline's operations in the United States prior to Shopline US' incorporation.  But it appears that the infringing Seed theme was available to Defendant Fosterry in New York as of May 2023, months before Shopline US existed.  *See* Wayback Machine, https://web.archive.org/web/20230524075851/https://fosterry.com/ (listing "Seed" as an available theme in the code base of Fosterry's storefront as of May 24, 2023); *see also* https://web.archive.org/web/20230605131546/https://shoplineapp.cn/themes/ (advertising "Seed" as an available theme for merchants as of June 5, 2023).[3]  Hsu also does not explain how Shopline

---

[1]     *See* Department of State: Division of Corporations, State of Delaware, https://icis.corp.delaware.gov/ecorp/entitysearch/NameSearch.aspx (search Entity Name: field for "SHOPLINE US INC" and follow hyperlink).

[2]     *See* SHOPLINE Stores in the United States, Store Leads, https://storeleads.app/reports/shopline/US/top-stores (identifying 24 active Shopline stores in the United States in Q4 2020).

[3] The Wayback Machine is a trusted source that captures and displays the contents of webpages as of certain dates.  *See Aubrey v. New Sch.*, 624 F. Supp. 3d 403, 408 (S.D.N.Y. 2022) ("courts have taken judicial notice of the contents of web pages available through the Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned under Federal Rule of Evidence 201") (citation omitted).  Its copy of the Fosterry site

US came to possess and distribute the infringing Seed theme or say anything about who was responsible for creating it.  Hsu Decl. ¶¶ 25-27.

Hsu's declaration purports to disprove connections between Shopline Technology and New York.  He says the company owns no real or personal property in New York, presumably intending through that wording to gloss over its ownership of all of the stock of its New York-based subsidiary, Shopline US.  *Id.* ¶ 8.  Hsu describes Shopline Technology, at least as it exists today, as "a holding company" with "no employees or operations."  *Id.* ¶ 7.  But in nearly the same breath, he admits that "Shopline Technology is the registered owner of the 'SHOPLINE' trademark" in the United States and abroad.  *Id.* ¶ 6; *see also* U.S. Registration No. 7204094; International Registration Nos. 1700333, 1640299, 1532163.  Hsu says nothing about how a company, supposedly without operations or employees, prosecuted and secured a U.S. trademark, but the file history indicates it was through a New York-based attorney.  *See* SHOPLINE, U.S. Registration No. 7204094 (listing attorney of record as Yong Chen located in Syosset, New York).  And while Shopline US is plainly using Shopline Technology's SHOPLINE mark (and distributing infringing materials under it), Hsu does not explain the licensing arrangement under which that is occurring. Instead, he obfuscates, declaring only that "Shopline Technology has not entered into any *written* license agreements with entities in New York or any other state in the United States for use of that trademark."  Hsu Decl. ¶ 6 (emphasis added).

Shopline US has moved to dismiss the claims against it, which motion Shopify is concurrently opposing.  Defendant Fosterry has defaulted.  Discovery in the case has not yet begun. Shopify has not had the opportunity to depose Hsu or any other Shopline Technology

_____

from May 4, 2023 references "Seed" in the HTML code for the page, which can be accessed through the browser command: "view source."

representative, and has received no documents from the defendants regarding the development and distribution of Seed.

## LEGAL STANDARD

A motion to dismiss for lack of personal jurisdiction challenges the sufficiency of a plaintiff's factual allegations. *Levitin v. Sony Music Entm't*, 101 F. Supp. 3d 376, 383-84 (S.D.N.Y. 2015). Prior to discovery, a plaintiff may defeat such a motion by pleading a *prima facie* showing of jurisdiction, where "the [c]ourt accepts as true all well-pleaded factual allegations in the complaint and construes the complaint in the light most favorable to the plaintiff." *Id.* A plaintiff meets its burden "even if the moving party makes contrary allegations that place in dispute the factual basis of plaintiff's prima facie case." *Pilates, Inc. v. Pilates Inst., Inc.*, 891 F. Supp. 175, 178 (S.D.N.Y. 1995).

Courts allow jurisdictional discovery "[w]hen a plaintiff has made a threshold showing for some basis to assert jurisdiction, such as facts that would support a colorable claim of jurisdiction." *Tutor Perini Bldg. Corp. v. N.Y.C. Reg'l Ctr., LLC*, 2020 WL 7711629, at *3 (S.D.N.Y. Dec. 29, 2020) (internal quotations omitted). Even in the absence of a *prima facie* showing of jurisdiction, jurisdictional discovery is appropriate if a plaintiff has made a "sufficient start" toward establishing personal jurisdiction or "if a plaintiff has identified a genuine issue of jurisdictional fact." *Wilson & Wilson Holdings LLC v. DTH, LLC*, 673 F. Supp. 3d 409, 413 (S.D.N.Y. 2023) (cleaned up).

## ARGUMENT

## I. SHOPIFY PROPERLY ALLEGES THAT SHOPLINE TECHNOLOGY'S CONTACTS WITH NEW YORK SUBJECT IT TO THIS COURT'S JURISDICTION.

District courts in New York apply a two-part test to assess personal jurisdiction over a foreign defendant in a federal-question case like this one. *Hypnotic Hats, Ltd. v. Wintermantel*

*Enterprises*, *LLC*, 2016 WL 7451306, at *4 (S.D.N.Y. Dec. 27, 2016) (Carter, J.).  First, district courts apply the forum state's long-arm statute, known in New York as C.P.L.R. § 302(a).  *Id.*  If personal jurisdiction lies under the statute, courts then consider whether the exercise of personal jurisdiction comports with the Due Process Clause of the United States Constitution.  *Id.*  Shopify's allegations regarding Shopline Technology's development and distribution of the infringing Seed theme to merchants in New York and later to Shopline US in New York easily satisfy both parts of the test.

A.    **Shopify's Allegations Satisfy New York's Long Arm Statute.**

To establish personal jurisdiction under N.Y. C.P.L.R. § 302(a)(1), "the plaintiff must demonstrate that the defendant engaged in a purposeful business transaction in or directed to New York and that such contacts with the state had a 'substantial relationship' to the claim asserted in the underlying litigation."  *Pearson Educ., Inc. v. Shi*, 525 F. Supp. 2d 551, 555 (S.D.N.Y. 2007) (citation omitted).  Because Section 302 is a "single act statute," jurisdiction may be found even where a defendant only engages in "one transaction" and "never [physically] enters New York."  *Am. Girl, LLC v. Zembrka*, 118 F.4th 271, 276 (2d Cir. 2024).  For copyright infringement specifically, "[p]ersonal jurisdiction has been found when out-of-state defendants allegedly have sold copyright-infringing merchandise over the Internet to customers in New York."  *Pearson Educ., Inc.*, 525 F. Supp. 2d at 556.  Courts have also found jurisdiction in copyright cases where the defendant contracted with a distributor in New York to "distribute an infringing work in New York."  *Ed. Musical Latino Americana, S.A. v. Mar Int'l Records, Inc.*, 829 F. Supp. 62, 65 (S.D.N.Y. 1993) (citing cases).  Shopify alleges that Shopline Technology did *both* of these things.

Shopify pleads that Shopline Technology—on its own and through agreements with its subsidiary Shopline US—directly and contributorily infringed Shopify's copyrights.  Compl. ¶¶ 9, 14, 24-29, 35, 39.  Specifically, Shopify pleads that Shopline Technology created the infringing

Seed theme "by making an unauthorized copy of Dawn." *Id.* ¶ 24. After creating Seed, Shopline Technology further infringed by distributing the unauthorized derivative work "to Shopline's merchant customers," including Fosterry, for a fee. *Id.* ¶¶ 39, 41, 51. Shopline Technology also distributed Seed through Shopline US to U.S.-based merchants, including those in New York. *Id.* ¶¶ 9, 14, 15, 39. These unlawful activities were purposefully directed to and through both Shopline Technology's New York-based subsidiary, Shopline US, and Shopline Technology's New York-based customer, Fosterry. *Id.* ¶ 14. Shopify's claims against Shopline Technology are expressly premised on the development of Seed, the distribution of Seed in and from New York, and the use of Seed by customers in New York, and the claims thus arise out of Shopline Technology's contacts with New York.[4] Those allegations are more than sufficient to establish a *prima facie* case of personal jurisdiction over Shopline Technology under New York's long-arm statute. *See, e.g.*, *Capitol Recs., Inc. v. MP3tunes, LLC*, 2008 WL 4450259, at *4 (S.D.N.Y. Sept. 29, 2008) (non-domiciliary website operator was subject to Section 302(a)(1) jurisdiction for copyright infringement claim because its distribution of software to its New York-based users "form[ed] the basis for Plaintiffs' claims"); *Donnelly v. Anand*, 2022 WL 4385901, at *5 (S.D.N.Y. Sept. 22,

---

[4] Shopline Technology's suggestion to the contrary, citing *Creative Photographers, Inc. v. Grupo Televisa, S.A.B.*, 2024 WL 1533189 (S.D.N.Y. Apr. 8, 2024) (Mot. at 13), is misguided. In *Creative Photographers*, the plaintiff argued jurisdiction existed under § 302(a)(1) because the defendant media company contracted with New York-based entities to broadcast its content in New York. *Id.* at *1-2, *8. But because the plaintiff did not allege that the New York-based entities actually "post[ed] the Copyrighted Works on any websites they own and operate," the plaintiff "fail[ed] to make a *prima facie* showing that its claims arise out of the business that Defendant transacted [with those entities] in New York." *Id.* at *8. Here, in contrast, Shopify alleges that Shopline Technology itself distributed the infringing Seed theme (through the Shopline website) in New York and to New York-based customers, and that Shopline Technology is contributorily liable for the New York-based infringement by its customers. Compl. ¶¶ 9, 14, 15, 22, 32, 47, 51.

2022) (finding personal jurisdiction over Singaporean defendants that were directly selling counterfeit goods online to New York consumers).[5]

Shopline Technology does not address the legal sufficiency of Shopify's allegations under New York law. Instead, it argues that the allegations are not *really* asserted against Shopline Technology because: (1) of a typographical error in the defined term "Shopline" and (2) supposedly improper group pleading. Mot. at 4-5. These arguments are refuted by Shopify's specific allegations against Shopline Technology.

***Typographical error***. Shopline Technology argues that the allegations in the Complaint "are of no legal or factual import to Shopline Technology" (Mot. at 6) because the Complaint's preamble paragraph contains a typographical error. In the preamble, "Shopline" is defined to encompass both Shopline US and Shopline Commerce Pte. Ltd, the latter of which should be a reference to the named Defendant, Shopline Technology. *See* Compl. at 1.

Shopify's intention to name Shopline Technology instead of Shopline Commerce Pte. Ltd. is made plain throughout the Complaint and in prior correspondence to the Court. The case caption names Shopline Technology as a Defendant and does not name Shopline Commerce Pte. Ltd. Allegations throughout the Complaint consistently identify Shopline Technology but make no further mention of Shopline Commerce Pte. Ltd. *See id.* ¶ 9 ("Shopline Technology directly and contributorily infringed . . ."); *id.* ¶ 14 ("Shopline Technology is subject to the Court's

---

[5] Shopline Technology's cases are inapposite. *See* Mot. at 10 (citing *Broad Horizons, Inc. v. Central Crude Ltd.*, 1994 WL 623075, *3 (S.D.N.Y. Nov. 9, 1994) (no allegations that foreign defendant "advertise[d] or s[old] its products or services in New York"); *Royalty Network Inc. v. Dishant.com, LLC*, 638 F. Supp. 2d 410, 420 (S.D.N.Y. 2009) (no allegations that "any New York resident actually … registered with the [defendants'] website or downloaded material from it," or "that defendants did anything to indicate their knowing and purposeful transaction with New York visitors"). Here, Shopify alleges that Shopline Technology purposefully transacted business in New York by distributing Seed in the state, including to New York-based merchants like Fosterry. Compl. ¶¶ 9, 14, 15, 39.

jurisdiction . . .").  Furthermore, Shopify explained this typo in its pre-motion conference letter (ECF No. 29 at 2 n.1), and Shopline Technology acknowledged it (Mot. at 6 n.2).  Shopline Technology can claim no prejudice from the typo.  This Court can and should read the single reference to "Shopline Commerce Pte. Ltd." in the Complaint as "Shopline Technology," thereby correctly encompassing Shopline Technology in the defined term "Shopline."  *See LaSalle Bank Nat'l Ass'n v. Nomura Asset Cap. Corp.*, 180 F. Supp. 2d 465, 469 (S.D.N.Y. 2001) (explaining that plaintiff's inadvertent identification of a non-party in the complaint's signature block was a "typographical error" that "ha[s] no bearing on" plaintiff's jurisdictional allegations); *cf.* Fed. R. Civ. P. 1 ("These rules . . . should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

Shopline Technology reads *NuMSP, LLC v. St. Etienne*, 462 F. Supp. 3d 330 (S.D.N.Y. 2020) to suggest that correcting the typo would somehow impermissibly extend Shopify's allegations beyond the "four corners of the complaint."  Mot. at 6 n.2.  But *NuMSP* did not have anything to do with typographical errors, much less hold that it is improper to correct one where the intent is clear.  More importantly, courts in this district routinely read around typographical errors in a complaint.  *See, e.g.*, *LaSalle Bank Nat'l Ass'n*, 180 F. Supp. 2d at 469 (accepting as true plaintiff's assertion in its opposition memorandum that its identification of a non-party in the complaint "was a mere typographical error" and holding that "such an error is not a proper basis on which to rule that diversity [jurisdiction] is lacking"); *Inventory Generation Inc. v. Proventure Cap. Funding LLC*, 2023 WL 2609344, at *3 n.4 (S.D.N.Y. Mar. 23, 2023) (identifying a typo in a defined term in the complaint and reading the proper term into the complaint based on "the balance of the allegations" which "clarify" the intended term); *Hunt v. Alamo*, 2024 WL 532176, at *1 n.2 (S.D.N.Y. Feb. 9, 2024) (identifying a typographical error in the complaint based on

context of other allegations and accepting plaintiff's "intended" allegation).  This Court can and should do the same, and reject Shopline Technology's makework formalism.[6]

   ***Group pleading.***    Next, Shopline Technology argues that Shopify engages in improper group pleading "particularly to the extent it seeks to impute personal jurisdiction the Court may have over Shopline US to foreign entity Shopline Technology."  Mot. at 6; *see also id.* at 13.  As an initial matter, Shopify does not seek to *impute* jurisdiction from Shopline US to Shopline Technology.  Shopify explained in its Complaint that "Shopline Technology directly and contributorily infringed Shopify's copyrights in the United States, *doing so itself and* through its agent, Defendant Shopline US."  Compl. ¶ 9 (italics added).  In other words, Shopify alleges that Shopline Technology itself developed and distributed the infringing Seed theme in New York.  *Id.* ¶¶ 24, 39, 47.  Once Shopline US was incorporated in August 2023, Shopline Technology distributed Seed through Shopline US, including to New York-based customers.  *Id.* ¶¶ 9, 14, 22, 47, 49, 51-52.

   In any case, Shopify does not engage in impermissible group pleading.  Shopify alleges that *each defendant* directly infringed Shopify's Dawn copyrights (*see id.* ¶ 47) and that "*all Shopline defendants*" contributorily infringed (*id.* at 15 (italics added)).  Where allegations are grouped, it is because Shopify alleges identical infringement claims and/or facts against *each* defendant.  "Nothing in Rule 8 prohibits collectively referring to multiple defendants where the complaint alerts defendants that identical claims are asserted against each defendant."  *Vantone Grp. Ltd. Liab. Co. v. Yangpu NGT Indus. Co.*, 2015 WL 4040882, at *3-4 (S.D.N.Y. July 2, 2015) (cleaned up) (finding complaint sufficient where its allegations of "joint activity amongst" the

---

[6] If this Court believes it is necessary for Shopify to amend its Complaint to fix the typographical error, Shopify will of course do so.

defendants "put[] all defendants on notice that Plaintiff's claims arise from the allegedly impermissible usage of Plaintiff's trademark"; a complaint "need not elaborate extensively on the details with regard to each defendant to comply with Rule 8."). That is what Shopify does here: it alleges that Shopline Technology and Shopline US developed and distributed the infringing Seed theme in the United States, including in New York to co-defendant Fosterry.[7]

* * *

Shopify's well-pleaded allegations establish that Shopline Technology developed and distributed the infringing Seed theme in New York. And its contacts with this state give rise to the copyright infringement claims Shopify has asserted. Shopify's allegations are more than enough, at the pleading stage, to satisfy New York's long arm statute. *Donnelly*, 2022 WL 4385901, at *5.

### B.    The Exercise Of Jurisdiction Comports With Due Process.

With New York's long-arm statute satisfied, the Court must then proceed to determine whether the exercise of personal jurisdiction over Shopline Technology in this case would comport with due process by analyzing the company's "minimum contacts" with the state and assessing the

---

[7] This case does not involve the type of group pleading frowned upon in the cases Shopline Technology proffers. Mot. at 6-7. *In re Aegean Marine Petroleum Network, Inc. Sec. Litig.*, 529 F. Supp. 3d 111 (S.D.N.Y. 2021), was a securities class action with a 500-plus paragraph complaint naming sixteen individual and corporate defendants. *Id.* at 122, 143, 161. Because of group pleading, it was impossible for the court to determine whether the requisite scienter had been alleged as to each defendant. *Id.* at 161. And in *Plusgrade L.P. v. Endava Inc.*, 2023 WL 2402879 (S.D.N.Y. Mar. 8, 2023), the plaintiff alleged "that thirteen defendants misappropriated its trade secrets," but the complaint's "more than 200 paragraphs … rarely specifie[d] which defendant engaged in what conduct," and based its jurisdictional allegations on defined terms that "encompass[ed] at least nine different entities," making it unclear "which one is alleged to have done what." *Id.* at *1, *4. Here, Shopify expressly states *Shopline Technology*'s role in the infringements, as well as its connections to New York (Compl. ¶¶ 9, 14, 47, 49, 51), and the defined term "Shopline" groups the two entities where allegations apply to each.

"reasonableness" of jurisdiction. *Hypnotic Hats, Ltd.*, 2016 WL 7451306, at *4. Both elements are easily satisfied here.

*Minimum contacts.* Under this prong of the due process inquiry, courts evaluate whether "the defendant purposefully availed itself of the privilege of doing business in the forum and could foresee being haled into court there." *Id.* (cleaned up). Shopline Technology argues that the Court's exercise of jurisdiction over it violates due process because it has no contacts with New York. Mot. at 18. But, as noted, Shopify pleads that Shopline Technology created the infringing Seed theme from an unauthorized copy of Dawn and distributed it to Shopline US in New York and to their New York-based merchant customers, including Fosterry. Compl. ¶¶ 9, 14, 15, 32. Shopify's claims arise directly from these contacts. *Id.* ¶¶ 46-56. This easily satisfies the minimum contacts inquiry, both generally and specifically in the context of copyright claims like Shopify's. *See Donnelly*, 2022 WL 4385901, at *6 (finding minimum contacts exist where the Singaporean defendant supplied infringing material to New York customers); *Ed. Musical Latino Americana, S.A. v. Mar Int'l Recs., Inc.*, 829 F. Supp. 62, 65 (S.D.N.Y. 1993) (same for California-based defendant selling infringing works via "independent brokers"); *Blakeman v. The Walt Disney Co.*, 613 F. Supp. 2d 288, 303 (E.D.N.Y. 2009) (same for defendants distributing infringing work with "knowledge that [it] would be disseminated in New York"); *cf. Am. Girl, LLC*, 118 F.4th at 278-79 (finding § 302(a)(1) coextensive with constitutional minimum contacts and exercising jurisdiction over China-based defendant).

*Reasonableness.* Under the reasonableness prong, courts evaluate the following factors: "(1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution

of the controversy; and (5) the shared interest of the states in furthering substantive social policies." *Am. Girl, LLC*, 118 F.4th at 279 (citations omitted). Shopline Technology argues that the Court's exercise of jurisdiction over it is not reasonable because its witnesses and documents are located in Singapore, making it burdensome to defend. Mot. at 18. But courts regularly hold that due process is not violated simply because a defendant's witnesses and records are located in another state or abroad. *See Donnelly*, 2022 WL 4385901, at *5 (finding that the inconvenience of litigation for Singaporean defendants in a copyright case "cuts both ways since all of [plaintiffs'] witnesses would have to travel to [Singapore] if the case were brought there") (internal quotations omitted). This is doubly so today, when the "financial burden" of discovery "can be mitigated by telephonic and electronic communication and is insufficient to render the exercise of jurisdiction constitutionally unreasonable." *John Wiley & Sons, Inc. v. Treeakarabenjakul*, 2009 WL 1766003, at *8 (S.D.N.Y. June 18, 2009). On its own, this factor does not support Shopline Technology's conclusion that the exercise of jurisdiction over it is unreasonable.

None of the remaining factors (which Shopline Technology fails to address) move the needle in its favor. First, "New York has a significant interest in protecting copyright holders from the sale of infringing goods in New York." *Ed. Musical Latino Americana, S.A.*, 829 F. Supp. at 66; *see also Am. Girl, LLC*, 118 F.4th at 280 (finding that the interest of "protecting consumers and businesses in this state from the flow of counterfeit goods from abroad" "trumps" the potential inconvenience to a China-based defendant of litigating in New York). This copyright suit against a Singapore-based infringer falls squarely within that interest. Second, because Shopline US, a co-defendant in this case, is at home in New York (Compl. ¶ 13), much of Shopline US' evidence will be located here. This makes New York the most reasonable and efficient forum for resolving this case. Finally, Defendants acknowledge both that Shopline Technology is the parent of a New

York-based subsidiary and that it is the owner of the SHOPLINE trademark under which the infringing Seed theme is being distributed from and in New York.  Mot. at 3.  Given that, it is perfectly foreseeable that Shopline Technology would be haled into a New York court.

Shopline Technology's cases do not counsel otherwise.  Mot. at 18.  In *Aquiline Cap. Partners LLC v. FinArch LLC*, 861 F. Supp. 2d 378 (S.D.N.Y. 2012), a private equity firm sued companies based in Belgium and the Netherlands for breach of contract after they terminated the firm's proposed transaction, and the court held that jurisdiction in New York would not satisfy due process because there was "no evidence that the Defendants could have foreseen being led to court in New York in connection with a proposed transaction in Belgium that expressly provided that they would be governed by Belgian law."  *Id.* at 382, 391.  And in *Gmurzynska v. Hutton*, 257 F. Supp. 2d 621 (S.D.N.Y. 2003), *aff'd*, 355 F.3d 206 (2d Cir. 2004), a Germany-based art gallery sued a Germany-based artist for "the publication of a defamatory art catalogue … in Germany," making it "clearly … unreasonable" for a New York court to exercise jurisdiction.  257 F. Supp. 2d at 624, 627-28.  Neither of those cases involved a party with a New York-based subsidiary, a New York-based trademark licensee, New York-based customers, and infringing acts committed in New York.

The reasonableness factors here far outweigh any inconvenience for Shopline Technology. The exercise of jurisdiction in New York satisfies due process. *See Accurate Grading Quality Assur., Inc. v. Thorpe*, 2013 WL 1234836, at *5 (S.D.N.Y. Mar. 26, 2013) (Carter, J.) (finding reasonableness factors met and exercising jurisdiction over out-of-state resident).

## II.    IF SHOPLINE TECHNOLOGY WANTS TO MOUNT AN EVIDENTIARY CHALLENGE TO JURISDICTION, SHOPIFY IS ENTITLED TO DISCOVERY.

Shopline Technology spends the majority of its Motion citing the Hsu Declaration to deny Shopify's allegations about the company's role in the infringement of the Dawn copyrights and to

downplay its contacts with New York and the United States. *See, e.g.*, Mot. at 2 ("Shopline

Technology played no role in . . . the creation or the distribution of any allegedly infringing

product."); *see also id*. at 7-13, 16-18. That is, in this portion of its Motion, Shopline Technology

does not address the sufficiency of Shopify's jurisdictional allegations, but instead disputes them.

That cannot justify a dismissal on jurisdictional grounds at this stage. *Dorchester Fin. Sec., Inc.*

*v. Banco BRJ, S.A.*, 722 F.3d 81, 84-85 (2d Cir. 2013). As the Second Circuit explained:

> Prior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat
> the motion by pleading in good faith, legally sufficient allegations of
> jurisdiction . . . . At that preliminary stage, the plaintiff's *prima facie* showing may
> be established solely by allegations . . . . Where the jurisdictional issue is in dispute,
> the plaintiff's averment of jurisdictional facts will normally be met in one of three
> ways: (1) by a Rule 12(b)(2) motion, which assumes the truth of the plaintiff's
> factual allegations for purposes of the motion and challenges their sufficiency, (2)
> by a Rule 56 motion, which asserts that there are undisputed facts demonstrating
> the absence of jurisdiction, or (3) by a request for an adjudication of disputed
> jurisdictional facts, either at a hearing on the issue of jurisdiction or in the course
> of trial on the merits.

*Id.  See also Levitin*, 101 F. Supp. 3d at 393-94 (plaintiffs sufficiently pled jurisdiction by alleging

the defendant distributed infringing material in New York despite defendant's affidavits "to the

contrary").

Shopline Technology cannot have it both ways. If it wants to challenge the sufficiency of

Shopify's jurisdictional allegations, it must accept those allegations as true, and the declaration it

puts forward is irrelevant. If, instead, Shopline Technology wants to dispute Shopify's factual

allegations, "discovery is appropriate." *Federico & Co. LLC LLC v. Zurich Gen. Ins. Malaysia*

*Berhad*, 2023 WL 6606121, at *5 (S.D.N.Y. Oct. 10, 2023) (ordering jurisdictional discovery

where defendant contested plaintiff's allegation that it "conducted substantial activities in New

York directly related to the at issue transaction" from which the claims arose); *cf. Fab Habitat*

*Corp. v. Houselights, LLC*, 2023 WL 6385977, at *8 (S.D.N.Y. Sept. 29, 2023) (Carter, J.)

(ordering jurisdictional discovery where "there is some basis to suggest that one or both of the Defendants transact at least some business within New York").

Jurisdictional discovery is particularly called for here because there are good reasons to doubt the completeness of the Hsu Declaration. *See Patel v. Clane Gessel Studio*, 2023 WL 8280498, at *1 (S.D.N.Y. Nov. 30, 2023) (ordering jurisdictional discovery because "there appeared to be a genuine factual dispute about whether the Court has personal jurisdiction"). For example, Shopline Technology denies that it developed or distributed the Seed theme in the United States, including in New York. Mot. at 9 (citing Hsu Decl. ¶¶ 25-27). But its declarant does not offer any explanation as to how Seed came to be, or how Shopline Technology's wholly owned subsidiary, Shopline US, came to possess and distribute Seed in New York. Further, Seed was apparently made available in New York before Shopline US even existed. It is certainly reasonable to assume that the parent company, Shopline Technology, was responsible for those pre-incorporation activities, especially in the absence of any other explanation from the Defendants, and in the absence of discovery.

Hsu's declaration also appears inconsistent. He simultaneously declares that Shopline Technology registered and holds the SHOPLINE trademark in the United States (Hsu Decl. ¶ 6) but that it has no operations or employees (*id.* ¶ 7). Left unanswered is how Shopline Technology could have prosecuted the registration. Shopline Technology must have had some "operations" and someone(s) acting on its behalf. But the declaration is silent on these details, and speaks only of the current state of affairs, rather than the relevant past. The questions only grow from there. Shopline US is plainly using the SHOPLINE mark with Shopline Technology's permission. Yet Hsu declares that "Shopline Technology has not entered into any *written* license agreements with entities in New York or any other state in the United States for use of that trademark." *Id.* ¶ 6

(italics added).  Even if this artful wording is true, it raises the questions of what arrangement governs Shopline US' use of Shopline Technology's trademark (written or otherwise), and who entered that arrangement for Shopline Technology if it has no employees.[8]   Such information is of particular interest given that Defendants' copyright infringement in New York has been and continues under the SHOPLINE name.  At this stage, without discovery, it is reasonable to infer that the two Shopline defendants are acting as one, or at least are not independent entities, and that the exercise of personal jurisdiction over both is appropriate.

Discovery would also assist Shopify in demonstrating that jurisdiction alternatively lies under Fed. Rule Civ. Proc. 4(k)(2).  That rule "permits a federal district court to exercise personal jurisdiction where: (1) the claim arises under federal law; (2) the defendant is not subject to jurisdiction in any state, and (3) the exercise of jurisdiction is "consistent with the United States Constitution and Laws." *Freeplay Music, LLC v. Nian Infosolutions Priv. Ltd.*, 2018 WL 3639929, at *12 (S.D.N.Y. July 10, 2018), *report and recommendation adopted*, 2018 WL 3632524 (S.D.N.Y. July 31, 2018).  As things stand, the evidence suggests all three could be met here: (1) Shopify's copyright claims arise under the Federal Copyright Act; (2) Shopline Technology claims that it is not subject to jurisdiction in any state's courts (Mot. at 1-3, 9, 13, 18); and (3) Shopline Technology's contacts with the United States as a whole satisfy Due Process, as it purposely availed itself of the privilege of prosecuting, registering and maintaining a United States trademark, and licensing it to a wholly owned U.S.-based subsidiary, and Shopline Technology is

---

[8] Hsu's declaration also raises questions about whether and how, without operations or employees, Shopline Technology is exercising quality control over services offered under its trademark, as the law requires.  *Original Appalachian Artworks, Inc. v. Granada Elecs., Inc.*, 816 F.2d 68, 75 (2d Cir. 1987) (trademark law imposes an affirmative duty on a licensor to exercise quality control over the licensee's activities under the mark).

distributing the infringing Seed theme throughout the United States (Compl. ¶¶ 3, 9).  That should satisfy Rule 4(k)(2).  *See Freeplay Music, LLC*, 2018 WL 3639929, at *12-17 (exercising Rule 4(k)(2) jurisdiction over India-based defendant where claims arose under Copyright Act, the defendant "reached out and targeted U.S. consumers and the U.S. market" by distributing and promoting a website containing infringing content, and the U.S. had a "substantial interest" in enforcing copyright law).  Discovery will presumably reveal additional U.S. contacts and further justify the exercise of jurisdiction.  *See, e.g.*, *RegenLab USA LLC v. Estar Technologies Ltd.*, 335 F. Supp. 3d 526, 546 (S.D.N.Y. 2018) (finding Israeli company's contacts sufficient for Rule 4(k)(2) jurisdiction where it allegedly manufactured patent-infringing products and then distributed them across the U.S. through distribution agreement with U.S. entity).

Shopline Technology suggests that jurisdictional discovery should be denied because "Shopify has failed to make a prima facie case of personal jurisdiction," citing this Court's opinion in *Rates Tech. Inc. v. Cequel Commc'ns, LLC*, 15 F. Supp. 3d 409 (S.D.N.Y. 2014) (Carter, J.).  Mot. at n.6.  In *Rates Tech*, a patent infringement case, the Court held that the plaintiff failed to allege a *prima facie* case of specific personal jurisdiction under § 302(a)(2) or § 302(a)(3) of New York's long-arm statute because there were "no allegations" that satisfied either of those subsections.  15 F. Supp. 3d at 418-21.  Here, as discussed, Shopify alleges specific jurisdiction under § 302(a)(1), and it *has* made a *prima facie* showing of jurisdiction.  *See supra* at 7-12.  Additionally, in *Rates Tech*, the Court indicated that the defendant's affidavit resolved "all the questions regarding jurisdiction."  *Id.* at 421 (quotation omitted).  The Hsu Declaration here, by contrast, raises as many questions as it supposedly answers.

To be clear, the jurisdictional discovery Shopify would pursue would be limited.  Shopify would seek testimony and documents regarding the Shopline corporate structure, Shopline

Technology's contacts with New York and the United States, its relationship with Shopline US, and the creation and distribution of Seed in New York.[9]  That discovery need not delay this action, which should proceed into discovery against Shopline US regardless.  And if, after providing the requested information, Shopline Technology still wishes to challenge the Court's jurisdiction, it can renew its motion and Shopify will respond as appropriate.

## CONCLUSION

Shopify respectfully requests that the Court deny Shopline Technology's Motion in its entirety to the extent that it purports to challenge the sufficiency of Shopify's jurisdictional allegations.  To the extent Shopline Technology disputes jurisdiction based on evidence it proffers, the Court should, at a minimum, deny the Motion pending the jurisdictional discovery to which Shopify is entitled.

Dated: October 29, 2024                           Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*/s/ Jeremy Auster*

David H. Kramer (*admitted Pro Hac Vice*)
650 Page Mill Road
Palo Alto, CA  94304-1050
Telephone: (650) 493-9300
Email:      dkramer@wsgr.com

Jeremy Auster, Bar No. 5539101
1301 Avenue of the Americas, 40th Floor
New York, NY  10019-6022
Telephone:  (212) 999-5800
Email:      jauster@wsgr.com

*Counsel for Plaintiff*
*Shopify Inc.*

---

[9]  At this point, assuming Defendants' cooperation, Shopify believes that targeted 30(b)(6) depositions of Shopline Technology and Shopline US, and responses to no more than a dozen document requests would suffice.