quinn emanuel trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3251**

WRITER'S EMAIL ADDRESS
**michaelwilliams@quinnemanuel.com**

May 2, 2025

<u>VIA ECF</u>

Honorable Andrew L. Carter Jr.
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 1306
New York, NY 10007

Re:     *Shopify Inc. v. Shopline Technology Holdings Pte. Ltd. et al*., No. 1:24-cv-03691-ALC

Dear Judge Carter:

We represent defendants Shopline Technology Holdings Pte. Ltd. ("Shopline Technology") and Shopline US, Inc. ("Shopline US," and together, "Defendants") in this action filed by Shopify Inc. ("Shopify"). We respectfully request a pre-motion conference regarding Defendants' anticipated motion to stay discovery until resolution of Defendants' pending motions to dismiss (the "Motions"). The Motions are well-founded and if either is granted, it may dispose of or significantly limit the scope of discovery with no undue prejudice to Shopify.

**Background**. Shopify and Shopline US create and sell customizable website templates for commercial website design. Shopify asserts copyright infringement claims against Defendants, alleging that they copied Shopify's HTML code for its "Dawn" template when creating Defendants' "Seed" template. *See* Compl. Shopline Technology, a Singapore-based holding company, filed a motion to dismiss Shopify's claims for lack of personal jurisdiction and Shopline US filed a motion to dismiss for failure to state a claim. *See* ECF Nos. 36-41. The Motions are fully briefed as of November 12, 2024. In February, Shopify's counsel emailed Defendants' counsel requesting a Rule 26(f) Conference, to which Defendants' counsel responded that discovery was premature pending the resolution of the Motions. Shopify's counsel never responded further. More than two months later, Shopify's counsel emailed the Court directly, in violation of Your Honor's individual rules, requesting the scheduling of a case management conference under Rule 16 and prompting Defendants' pre-motion conference request.

**Good Cause Exists To Stay Discovery.** The Court may stay discovery pending resolution of a motion to dismiss upon a showing of good cause. *See* Fed. R. Civ. P. 26(c); *Spinelli v. Natl.*

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

*Football League*, No. 13 Civ. 7398, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015). Courts consider "1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, 2) the breadth of discovery and the burden of responding to it, and 3) the risk of unfair prejudice to the party opposing the stay". *Id.* Good cause for a stay of discovery pending the Motions' resolution exists here.

***The Pending Motions Supply Substantial Grounds for Dismissal, and If Successful, Will Dispose of This Action***. A pending dispositive motion provides good cause for a stay of discovery when the motion "appears to have substantial grounds or, stated another way, does not appear to be without foundation in law." *Johnson v. New York Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (cleaned up); *Negrete v. Citibank, N.A.*, No. 15 Civ. 7250, 2015 WL 8207466, at *1 (S.D.N.Y. Dec. 7, 2015) ("[T[he Defendants' motion to dismiss is sufficient to support a stay because it is potentially dispositive, and appears to be not unfounded in the law."); *Spinelli*, 2015 WL 7302266, at *2 (granting stay where defendants made "substantial arguments for dismissal of many, if not all, of the claims asserted"). Defendants' Motions assert substantial grounds for dismissal of Shopify's unmeritorious claims and will dispose of this action if granted.

Beginning with the 12(b)(2) motion, as explained therein, Shopline Technology is a Singapore-based holding company with no operations or employees and no relevant contacts in New York or the United States. It was not involved in the creation or distribution of the alleged infringing product. Because this Motion is well-founded as to Shopline Technology's dismissal and has a high likelihood of success, this factor weighs in favor of a stay. *See Ruilova v. 443 Lexington Ave, Inc.*, No. 19-CV-5205, 2020 WL 8920699, at *1 (S.D.N.Y. Mar. 20, 2020) (staying discovery pending resolution of 12(b)(2) motion that raised "substantial arguments as to whether there is either general or specific jurisdiction over the non-NY Defendants").

Shopline US' 12(b)(6) is similarly strong. Shopify's claims are premised on Defendants' alleged copying of its copyrighted HTML code, which is entitled to a lower level of protection than computer code. Infringement of HTML code is established only through proof of identical copying of creative and non-functional HTML code. Shopify's complaint fails to meet this showing, despite the fact that Shopify has always had access to Shopline's entire code. Further, Shopify rejected the opportunity to amend its complaint in the face of Shopline US' pre-motion conference letter, such that the Court would be justified in denying leave to amend per Rule 2.D of Your Honor's Individual Practices. Even if leave to amend were granted, the scope of Shopify's allegations, and thus corresponding discovery, would likely be significantly limited. Since this Motion, too, sets forth substantial arguments for dismissal of the complaint with a high likelihood of success and is potentially dispositive of Shopify's claims in whole or part, this factor weighs in favor of a stay. *See Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09 Civ. 6874, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (staying discovery where defendant "put forth in its [12(b)(6)] motion multiple, independent arguments for dismissal"); *Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20 Civ. 7572, 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021) ("While not addressing the merits of [defendant's] motion to dismiss, after an initial review, I find that [defendant's] motion to dismiss cuts in favor of a stay because it is potentially dispositive, and appears to be not unfounded in the law.").

***Discovery Would Impose a Substantial Burden on Defendants.***  As the adjudication of the Motions may avoid the need for burdensome, highly technical discovery between competitors, discovery should be stayed until the Motions' resolution.  *See, e.g.*, *Integrated Sys.*, 2009 WL 2777076, at *1 (granting stay to "avoid the need for costly and time-consuming discovery" even where "no discovery requests had yet been served"); *BAE Sys. Info. And Elec. Sys. Integration Inc. v. L3 Harris Cincinnati Elec. Corp.*, No. 23 Civ. 01860, 2023 WL 4187489, at *1 (S.D.N.Y. June 26, 2023) (staying discovery where narrowing some claims would materially lessen the burden and breadth of discovery "in a highly technical case"); *Alapaha*, 2021 WL 1893316, at *2 ("[B]ecause the disposition of the dismissal motion may significantly narrow, if not eliminate, the issues remaining in this case . . . proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on Defendant.").  Defendants are further unfairly burdened if discovery proceeds here since relevant documents and ESI will likely be located in Singapore, China, or Hong Kong and impose additional burden and expense to collect and produce.  *See Negrete*, 2015 WL 8207466, at *1 (granting stay where discovery was likely to be significant in scope and expensive to comply with).  Even more, Shopline Technology would be severely burdened by having to participate in discovery before this Court decides whether it is even subject to personal jurisdiction in this Court.  Courts in this District routinely stay discovery while a 12(b)(2) motion is pending since it would be manifestly unfair for a foreign defendant to have to respond to merits discovery under domestic court rules until the court finds it has personal jurisdiction over the defendant.  *See*, *e.g.*, *In re Term Commodities Cotton Futures Litig.*, No. 12 Civ. 5126, 2013 WL 1907738, at *5 (S.D.N.Y. May 8, 2013); *Gandler v. Nazarov*, No. 94 Civ. 2272, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994).  Neither is limited jurisdictional discovery warranted during the pendency of the Court's resolution of the Motions (or at all), given Shopify has not alleged a *prima facie* case of jurisdiction.  *See Reed Int'l, Inc. v. Afghanistan Int'l Bank*, 657 F. Supp. 3d 287, 311 (S.D.N.Y. 2023).

***Shopify Will Not Be Prejudiced by a Discovery Stay.***  Finally, the brief stay Defendants seek will not unduly prejudice Shopify.  Courts often find that a delay of discovery by "a few months" during the pendency of a well-founded, fully briefed dispositive motion would not prejudice the parties "to any degree."  *See Integrated Sys.*, 2009 WL 2777076, at *1; *Sigma Lithium Corp. v. Gardner*, No. 23 Civ. 07403, 2024 WL 2867504 (S.D.N.Y. June 4, 2024) (granting stay where conclusory references to ongoing injury of defendants' alleged use of plaintiffs' confidential information constituted insufficient specific harm from waiting for the adjudication of Defendants' motion to dismiss, which was already fully briefed).  Since this case is still in its nascent stage and the Motions are fully briefed, a stay would result in little to no prejudice to Shopify.  *See Amron v. 3M Minnesota Mining & Manuf. Co.*, No. 23 Civ. 08959, 2024 WL 263010, at *3 (E.D.N.Y. Jan. 24, 2024) (holding a stay would not result in any material prejudice to plaintiff where a discovery schedule has not been set, discovery has not begun, and depositions have not been taken).  Shopify's delay in requesting that discovery commence months after the parties' motion to dismiss briefing duly reflects this.  Even in the event some but not all of Shopify's claims were dismissed, a stay would "simplify[] and shorten[] discovery . . . by limiting the scope of the parties' inquiry to claims that have been established as potentially viable," *Spinelli*, 2015 WL 7302266, at *2, further attenuating any risk of prejudice to Shopify.

Defendants respectfully request the Court stay discovery pending resolution of the Motions.

Respectfully submitted,

*/s/ Michael E. Williams*

Michael E. Williams