

Wilson Sonsini Goodrich & Rosati
Professional Corporation

1301 Avenue of the Americas
40th Floor
New York, New York 10019-6022

O: 212.999.5800
F: 866.974.7329

May 7, 2025

<u>Via CM/ECF</u>
The Honorable Andrew L. Carter, Jr.
United States District Court for the Southern District of New York
40 Foley Square
New York, New York 10007

Re: *Shopify Inc. v. Shopline Technology Holdings Pte. Ltd. et al.*, No. 1:24-cv-03691-ALC

Your Honor:

We represent Shopify Inc. ("Shopify") and write to oppose Defendants Shopline Technology Holdings Pte. Ltd. ("Shopline Technology") and Shopline US, Inc.'s ("Shopline US") (collectively, "Defendants") request to file a motion to stay discovery. Defendants fail to establish the requisite good cause for a stay and continue to obstruct Shopify's investigation into their flagrant copyright infringement.

Shopify is a popular, publicly traded e-commerce service provider. Central to its success is its Dawn "theme," software that Shopify merchants use to design and operate digital storefronts efficiently. Dawn is the product of countless hours of work by Shopify employees, and is protected by registered copyrights in three versions of Dawn. Shopify sued Shopline Technology and Shopline US nearly a year ago alleging direct and contributory copyright infringement after discovering their distribution of a knock-off version of Dawn called "Seed" along with derivatives that are the foundation for many of Defendants' customer storefronts. Compl. ECF No. 1, ¶¶ 3, 5 ("Compl."). After Shopify granted the Defendants the courtesy of an extension to respond, they filed motions to dismiss on October 1, 2024, which are pending. ECF Nos. 36-41 (motions); ECF Nos. 42-43 (oppositions); ECF Nos. 44-45 (replies).

To date, Defendants have declined to meet and confer under Rule 26(f) or otherwise engage in discovery, despite the lack of any order staying discovery. Consistent with Your Honor's Individual Practices, Rule 1(B), Shopify emailed chambers on May 1, 2025, to request a case management conference be scheduled. Defendants then sought leave to file a motion staying discovery pending resolution of their motions to dismiss. ECF No. 46.

"A court may, on a showing of 'good cause,' stay discovery during the pendency of a motion to dismiss." *RBG Mgmt. Corp. v. Vill. Super Mkt., Inc.*, 2023 WL 1996920, at *2 (S.D.N.Y. Jan. 24, 2023). "However, the filing of a motion to dismiss does not itself constitute 'good cause[.]'" *Id.* "If a motion to dismiss is pending, courts typically consider several factors in

WILSON SONSINI

The Honorable Andrew L. Carter, Jr.
United States District Court for the Southern District of New York
May 7, 2025
Page 2

determining whether to stay discovery; including: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Nielsen Co. (US) LLC v. TVSquared LTD*, 2023 WL 4363005, at *1 (S.D.N.Y. July 6, 2023) (citation omitted).

Defendants have not met and cannot meet their burden to establish good cause to stay discovery. First, defendants fail to make the "requisite 'strong showing'" that Shopify's claims are unmeritorious. *Giuffre v. Maxwell*, 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016). "[A] court is less likely to find that a plaintiff's case is unmeritorious when both the defendant and plaintiff can make 'strong arguments' in support of their positions." *Nielsen*, 2023 WL 4363005, at *1. Shopline's discussion of their motions underscores that they rest on factual disputes with Shopify's allegations, which cannot be resolved on a motion to dismiss. *See Pilates, Inc. v. Pilates Inst., Inc.*, 891 F. Supp. 175, 178 (S.D.N.Y. 1995) ("Plaintiff will be found to have met his or her burden even if the moving party makes contrary allegations that place in dispute the factual basis of plaintiff's prima facie case.").

In its 12(b)(2) motion, Shopline Technology asserts it has no relevant contacts in New York, and that it was not involved in creating or distributing the infringing Seed theme; yet it is silent on how the code came to exist, how Shopline US—its subsidiary—came to possess and distribute it in New York, and how the code could have been distributed here before Shopline US was ever incorporated. Based on the record Shopify has presented, Shopline Technology's jurisdictional challenge should fail. But Shopify welcomed discovery as an alternative, and that discovery would already have been conducted save for Defendants' refusal to engage.

Shopline US' 12(b)(6) motion is exceedingly weak, and ignores Shopify's central allegation that Shopline copied Dawn's code wholesale—including the markup code protected by Shopify's copyright registrations—and continues to use (and infringe) it extensively through Seed and its progeny. Shopline US does not even attempt in its motion or reply to address Shopify's allegations that Defendants made "an unauthorized copy of Dawn, translated that unauthorized copy into a different programming language, and then made largely cosmetic changes to the Dawn code." Compl. ¶ 24. Nor did Defendants meaningfully answer for the host of examples of the code (comprising thousands of lines) that they copied verbatim from Dawn and which still remains in Seed, the identical organization and structure of the Seed code, its replication of large swaths of arbitrary file names and numerical values, or the fact that the terms "Shopify," "dawn-test," and "Dawn" appear on a website that Shopline used to test the stolen code. *Id.* ¶¶ 25-27, 32-33. Shopify's allegations, indeed unrebutted proof of Defendants' infringement, are overwhelming. Defendants' conclusory denial is not good cause for a discovery stay. *Republic of Turk. v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) ("To establish good cause . . . , courts require a particular and specific demonstration of fact, as distinguished from stereotyped and

WILSON SONSINI

The Honorable Andrew L. Carter, Jr.
United States District Court for the Southern District of New York
May 7, 2025
Page 3

conclusory statements." (citation omitted)). And it is particularly weak as a justification to bar the very investigation Shopify needs to further support its allegations.

By refusing to commence the case management process, Defendants have precluded examination of their misconduct for months. An indefinite stay of discovery will further prejudice Shopify by allowing Shopline to continue infringing with impunity. Because Shopify and Defendants are "direct marketplace competitors, there is an increased likelihood that a stay would result in undue prejudice." *Nielsen*, 2023 WL 4363005, at *2; *see also Novasparks SA v. EnyxFPGA*, 344 F. Supp. 3d 666, 679 (S.D.N.Y. 2018) ("A potential for prejudice exists where, as here, the parties are 'direct competitors' and 'there is a reasonable chance that delay . . . will have outsized consequences to the party asserting infringement has occurred, including the potential for loss of market share and an erosion of goodwill.'" (citation omitted)). Defendants have built their business by co-opting Shopify's work, using it as their own and attempting to poach Shopify's customers. Their infringement is ongoing and Shopify has every right to investigate it.

Finally, Defendants' arguments regarding discovery burden are makeweight. Shopify has not even served discovery requests because Defendants will not participate in a Rule 26(f) conference. Their contention that discovery would be "burdensome" or "highly technical" is speculative, and they fail to explain how their burden increases simply because "relevant documents and ESI will likely be located" abroad. *See Diaz v. Loc. 338 of Retail, Wholesale Dep't Store Union, United Food & Com. Workers*, 2014 WL 4384712, at *2 (E.D.N.Y. Sept. 3, 2014) ("[D]efendant's conclusory allegations . . . are insufficient to establish good cause for staying discovery" (cleaned up)); *see also Mirra v. Jordan*, 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016) (denying stay where "defendant neither explains how extensive the responses to the plaintiff's document requests might be nor provides any example of the extent of the anticipated responses to the plaintiffs document requests").

For the foregoing reasons, Shopify respectfully requests the Court deny Defendants' request to file a motion seeking a stay. In addition, Shopify respectfully requests the Court schedule a case management conference so that discovery can open in the case.

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI, P.C.

*/s/ Jeremy Auster*
Jeremy Auster
Counsel for Plaintiff, SHOPIFY INC.