**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**SHOPIFY INC.,** *a corporation organized under the laws of Canada*,

                                        **Plaintiff,**

                    **-against-**

**SHOPLINE TECHNOLOGY HOLDINGS PTE. LTD.,** *a private limited company organized under the laws of Singapore*, **SHOPLINE US, INC.,** *a Delaware corporation*, **and SINOXPRESS INC.,** *a New York corporation doing business as FOSTERRY.COM*,

                                        **Defendants.**

---

**1:24-cv-03691 (ALC) (GS)**

<u>**OPINION & ORDER**</u>

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Shopify Inc. brings this action for alleged copyright infringement of the HTML code in one of its website designs. Before the Court are motions to dismiss for lack of personal jurisdiction and for failure to state a claim filed by Defendants Shopline Technology Holdings Pte. Ltd. and Shopline US, Inc., respectively. For the reasons stated below, both motions are denied.

**BACKGROUND**

**I.    Factual History**

Shopify Inc. ("Shopify" or "Plaintiff") is an e-commerce service platform headquartered in Ottawa, Canada which provides website "themes" for its customers' use. *See* ECF No. 1 ¶¶ 1, 7 ("Compl."). In 2021, Shopify published a theme named "Dawn," for which its employees spent hours developing the code. *See id.* ¶¶ 2, 19. It subsequently published a seventh and eleventh version of Dawn in 2022 and 2024. *See id.* ¶¶ 19. Shopify alleges that "[e]ach successive version of Dawn builds upon the prior and contains much of the same code." ECF No. 43 at 3.

While the code for Dawn is publicly available, Shopify registered the HTML code for all three versions with the United States Copyright Office in April of 2024. *See id.*; Compl. ¶ 19.

HTML, or hypertext markup language, is a form of markup code. *See* U.S. Copyright Office, Compendium of U.S. Copyright Office Practices § 1006.1(A) (3d ed. 2021). Markup code "establishes the format and layout of text and graphics when a user views a website by instructing the user's browser to present material in a specified manner." *Id.* § 1002.4.

Defendant Shopline US, Inc. ("Shopline US") is a Delaware corporation with its principal place of business in New York. *See* Compl. ¶ 8. Defendant Shopline Technology Holdings Pte. Ltd. ("Shopline Technology," with Shopline US, "Shopline") is a corporation organized under the laws of Singapore. *See id.* ¶ 9. Shopline also operates a business for e-commerce services. *See id.* ¶ 21. Shopify alleges that the HTML code for Shopline's "Seed" theme is a complete copy of that in the Dawn theme. *See id.* ¶¶ 24–25, 27–28. Shopify provides a comparison between six lines of code used in the two designs to support its claim. *See id.* ¶ 28.

Shopify alleges that Defendant Sinoxpress Inc., doing business as fosterry.com, ("Fosterry") is a New York based corporation, a merchant with Shopline, and  user of the Seed theme for its website. *See id.* ¶¶ 42–43. Shopify alleges that Shopline has over six hundred thousand merchants, many of whom use the Seed theme. *See id.* ¶ 41. Shopify asserts it has suffered substantial injury due to this alleged infringement. *See id.* ¶¶ 37–39. It additionally alleges that Shopline would not have a viable business absent the infringement, because "Seed serves as the foundation for all free Shopline themes." *Id.* ¶ 41.

## II.    Procedural History

On May 14, 2024, Plaintiff Shopify filed its complaint initiating this action. *See* ECF No. 1. The complaint asserts two causes of action, for direct and contributory copyright infringement.

*See id.* at 15–16. On June 12, 2024, Shopify obtained a Clerk's Certificate of Default against Defendant Fosterry. *See* ECF No. 23.

On October 1, 2024, Shopline Technology filed a motion to dismiss for lack of personal jurisdiction. *See* ECF Nos. 36, 37 ("J. Mot."), 38 ("Hsu Decl."). That same day, Shopline US filed its motion to dismiss for failure to state a claim. *See* ECF Nos. 39, 40 ("Mot."). On October 29, 2024, Shopify filed oppositions to both motions. *See* ECF Nos. 42 ("J. Opp."), 43 ("Opp."). Shopline Technology and Shopline US filed their reply briefs on November 12, 2024. *See* ECF Nos. 44 ("J. Reply"), 45 ("Reply").

On May 28, 2025, Shopline filed a motion to stay discovery. *See* ECF Nos. 49–51. The Court referred the motion to Magistrate Judge Katharine H. Parker. *See* ECF No. 54. The matter was redesignated to Magistrate Judge Gary Stein on August 11, 2025. *See* ECF No. 59. On September 12, 2025, Judge Stein granted the motion. *See* ECF No. 63.

## STANDARD OF REVIEW

### I.    Federal Rule of Civil Procedure 12(b)(2)

When analyzing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), courts in New York follow a two-step process. "First, a court will determine whether personal jurisdiction lies pursuant to New York's long-arm statute. . . . Second, a court must analyze whether personal jurisdiction comports with the basic requirements of due process." *A.W.L.I. Grp., Inc. v. Amber Freight Shipping Lines*, 828 F. Supp. 2d 557, 563 (E.D.N.Y. 2011) (internal citations omitted). There are two ways that New York exercises personal jurisdiction over non-residents: "general jurisdiction pursuant to N.Y. CPLR § 301 . . . or specific jurisdiction pursuant to N.Y. CPRL § 302." *Id.*

"On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff must meet the burden of showing that the court has jurisdiction over the defendant." *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996) (citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994)). Prior to discovery, a "plaintiff[] need only make a *prima facie* showing of personal jurisdiction over the defendant." *Porina v. Marward Shipping Co., Ltd.*, 521 F.3d 122, 126 (2d Cir. 2008).

At the motion to dismiss stage, the court must construe the pleadings and any supporting materials in the light most favorable to the plaintiff, resolving any doubts in favor of jurisdiction. *See Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 85 (2d Cir. 2013). The court does not, however, draw "argumentative inferences" in plaintiff's favor, nor does it accept as true a legal conclusion couched as a factual allegation. *See Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992) (citing *Norton v. Larney*, 266 U.S. 511 (1925)). "Because a motion to dismiss for lack of personal jurisdiction is inherently a matter requiring the resolution of factual issues outside of the pleadings, all pertinent documentation submitted by the parties may be considered in deciding the motion." *Woods v. Pettine*, No. 13-cv-290, 2014 WL 292363, at *1 (S.D.N.Y. Jan. 27, 2014) (quoting *Pilates, Inc. v. Pilates Inst., Inc.*, 891 F. Supp. 175, 178 n.2 (S.D.N.Y. 1995)) (internal quotation marks omitted).

## II.    Federal Rule of Civil Procedure 12(b)(6)

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual

content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully," and accordingly, where the plaintiff alleges facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In considering a motion to dismiss, courts accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008). However, the court need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *see also id.* at 681. Instead, the complaint must provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Twombly*, 550 U.S. at 555). In addition to the factual allegations in the complaint, the court may consider "the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (citation and internal quotation marks omitted).

## DISCUSSION

Shopline Technology and Shopline US both move to dismiss the complaint. Shopline Technology moves based on a lack of personal jurisdiction, *see generally* J. Mot., while Shopline US argues that Shopify has failed to state a cognizable copyright infringement claim, *see generally* Mot. The Court addresses personal jurisdiction first.

## I.    Personal Jurisdiction over Shopline Technology

Shopify maintains that it has adequately established specific personal jurisdiction over Shopline Technology. *See* J. Opp. at 6. Shopline Technology argues this is not so because (1) it has no contacts with New York and (2) Shopline US's contacts with New York cannot be imputed to it. *See* J. Mot. at 8, 13. Shopify concedes that it may not establish personal jurisdiction over Shopline Technology through Shopline US. *See* J. Opp. at 11 ("Shopify does not seek to impute jurisdiction from Shopline US to Shopline Technology.").

Four forms of contact with New York can establish specific jurisdiction: (1) transacting business within the state; (2) committing a tortious act within the state; (3) committing a tortious act outside the state that causes injury to person within the state, provided certain conditions are met, or (4) owning, using, or possessing real property within the state. *See* N.Y. C.P.L.R. § 302(a)(1)–(4). "To establish personal jurisdiction under CPLR § 302(a)(1), two requirements must be met: (1) the defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." *Mason. v. Antioch Univ.*, No. 15CV5841, 2016 WL 2636257, at *7 (E.D.N.Y. May 5, 2016); *see also Mantello v. Hall*, 947 F. Supp. 92, 99 (S.D.N.Y. 1996). "[P]roof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted." *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 168 (2d Cir. 2015)  (citation omitted). "Purposeful activities are those with which a defendant, through volitional acts, avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.* (quoting *Fisch9barg v. Doucet*, 9 N.Y.3d 375, 380 (N.Y. 2007)).

"A website that does more than provide information about a product and allows customers to purchase goods online, is a 'highly interactive website,' which may provide a basis for personal jurisdiction under CPLR § 302(a)." *Lifeguard Licensing Corp. v. Ann Arbor T-Shirt Co., LLC*, No. 15-cv-8459, 2016 WL 3748480, at *3 (S.D.N.Y. July 8, 2016); *see also Rubin v. City of New York*, No. 06 Civ. 6524, 2007 WL 950088, at *2–3 (S.D.N.Y. Mar. 29, 2007) (finding personal jurisdiction over plaintiff in trademark infringement case where plaintiff "transacted business with New York residents over an 'active' website where customers from New York purchased allegedly infringing merchandise"); *Grand v. Schwarz*, No. 15-CV-8779, 2016 WL 2733133, at *3 (S.D.N.Y. May 10, 2016) ("Plaintiff alleges that Defendant maintains an interactive and commercial website through which customers can input their billing, shipping, and contact information."); *Alpha Int'l, Inc. v. T–Reproductions, Inc.*, No. 02 Civ. 9586, 2003 WL 21511957, at *3 (S.D.N.Y. July 1, 2003) (finding personal jurisdiction where defendant sold "at least one accused product to a New York resident through its website").

Shopify maintains that it has established a *prima facie* case for personal jurisdiction by pleading that Shopline copied Dawn to create Seed, which it distributed to customers. *See* Compl. ¶¶ 39–41. Shopify alleges that one such customer, Defendant Fosterry, is a New York corporation that "uses Shopline's Seed theme for its online store." *Id.* ¶ 43; *see id.* ¶ 42. The Court finds these allegations that Shopline provided its online services to a customer in New York sufficient to show Shopline transacted business within the state. *See New Angle Pet Prods., Inc. v. MacWillie's Golf Prods., Inc.*, No. 06CV1171, 2007 WL 1871345, at *2 (E.D.N.Y. June 28, 2007) ("Section 302(a)(1) is a 'single-act statute requiring but one transaction-albeit a purposeful transaction-to confer jurisdiction in New York.'" (quoting *Grand River Enters. Six Nations, Ltd. v. Pryor*, 425

7

F.3d 158, 166 (2d Cir. 2005))). Likewise this demonstrates an articulable nexus between the copyright infringement claims and this transaction, since Shopify alleges the product provided to Fosterry contained the copyrighted material. *See Rubin*, 2007 WL 950088, at *2–3 (finding personal jurisdiction based on transaction through "'active' website where customers from New York purchased allegedly infringing merchandise").[1]

The Court notes, though, that these allegations are all of a group nature. *See* Compl. ¶¶ 39–45 (only referring to "Shopline" as a reference to both Defendants, rather than each individually). Shopline Technology argues that Shopify cannot establish personal jurisdiction on the basis of such group pleading. *See* J. Mot. at 6–7. The cases Shopline Technology relies on seem inapposite as those plaintiffs attempted to establish personal jurisdiction based on a defendant's legal obligations to a corporation, *see In re Aegean Marine Petroleum Network, Inc. Sec. Litig.*, 529 F. Supp. 3d 111, 143 (S.D.N.Y. 2021) (finding group pleading is not permitted because defendants' legal obligations differed), or a transaction which pre-dated one defendant's existence, *see Plusgrade L.P. v. Endava Inc.*, No. 1:21-CV-1530, 2023 WL 2402879, at *4 (S.D.N.Y. Mar. 8, 2023) (finding group pleading impermissible because one of the defendants was not legally responsible until after the initial misappropriation). *See also* J. Mot. at 6–7 (discussion *In re Aegean* and *Plusgrade*).

The Court finds the allegations here are of a different kind given that Shopify asserts both defendants—Shopline Technology and Shopline US each—engaged in the copying and

---

[1] The Court notes that "the constitutional requirements of personal jurisdiction are satisfied because application of § 302(a) meets due process requirements." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 105 (2d Cir. 2006); *see also Grand*, 2016 WL 2733133, at *4 ("Section 302(a) of the New York long-arm statute complies with the Due Process Clause because it limits jurisdiction to those causes of action that arise out of activity conducted within the state.").

distribution of the copyrighted HTML code. *See* Compl. ¶ 47. That Shopify refers to them under the single name of "Shopline" does not render its allegations deficient.[2]

Finally, the Court addresses the declaration submitted by Shopline Technology in support of its motion. *See* Hsu Decl. While the declaration contends that Shopline Technology has no operation over or role in Shopline US's webservices, Shopify highlights in opposition that at the time Fosterry was provided with the Seed design, Shopline US was not in existence, but Shopline Technology was. *See* J. Opp. at 5. In addition, prior to Shopline US's existence, Shopline Technology had filed for trademark registration of "SHOPLINE." *See id.* The Court resolves competing inferences in Shopify's favor and finds Shopify has established a *prima facie* showing of personal jurisdiction over Defendant Shopline Technology. *See Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 85 (2d Cir. 2013).

Shopline Technology's motion to dismiss for lack of personal jurisdiction is denied.

## II. Shopify States its Claims for Copyright Infringement

To plead a claim of copyright infringement, a plaintiff with a valid copyright must allege that: "(1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63 (2d Cir. 2010) (internal quotation omitted).

---

[2] Shopline Technology additionally argues that it should not properly be considered under the "Shopline" collective pleading because the complaint misstates its name as "Shopline Commerce Pte. Ltd." instead of "Shopline Technology Holdings Pte. Ltd." when defining the term. *See* J. Mot. at 6 (citing Compl. at 1). Drawing reasonable inferences in Shopify's favor, the Court finds this to merely be a typographical error. *See* Compl. at 1 (bringing the complaint against and naming as a defendant Shopline Technology, not Shopline Commerce); *id.* ¶ 9. "It is clear, moreover, that such an error is not a proper basis" to make a jurisdictional determination. *LaSalle Bank Nat'l Ass'n v. Nomura Asset Cap. Corp.*, 180 F. Supp. 2d 465, 469 (S.D.N.Y. 2001) (declining to dismiss for diversity jurisdiction where a party was mistakenly included in pleading). Accordingly, the Court applies the factual allegations made against "Shopline" to both Shopline US and Shopline Technology.

Shopify maintains a valid copyright for the HTML of its Dawn website theme. *See* Compl. ¶ 19. HTML is "the markup language that . . . formats the text and files on a webpage." U.S. Copyright Office, Compendium of U.S. Copyright Office Practices § 1006.1(A) (3d ed. 2021). Shopify alleges that Shopline "ma[de] an unauthorized copy of Dawn, translated that unauthorized copy into a different programming language, and then made largely cosmetic changes to the Dawn code." Compl. ¶ 24. Shopify also provides a line-by-line comparison of markup language from the two website themes, which, although not identical, portray largely the same elements and values. *See id.* ¶ 28. The Court finds these allegations are sufficient to state its copyright infringement claims.

Shopline US disagrees, arguing that (1) Shopify was required to plead every portion of its code that was allegedly copied, (2) the copying alleged is *de minimis*, and (3) the alleged infringing code may have in fact predated Shopify's copyright. All of these arguments are unavailing.

Shopline US relies largely on one case to support its first challenge: *Media.net Advertising FZ-LLC v. NetSeer, Inc.*, 156 F. Supp. 3d 1052 (N.D. Cal. 2016). *See* Mot. at 11–12 (discussing *Media.net*). In that case, the court dismissed the amended complaint because it "d[id] not list every portion of Plaintiff's HTML code that Defendant allegedly infringed," only selective examples. *Media.net*, 156 F. Supp. 3d at 1068. The court reasoned that the plaintiff's failure to do so was a failure "to identify which sections it alleges Defendant [copied]." *Id.*

The same issue does not arise in this case, where Shopify alleges that Shopline US copied the HTML in full. *See* Compl. ¶ 24. *Media.net* in fact cites a case just like this, where the plaintiff asserted the entire copyrighted work was copied. *See Media.net*, 156 F. Supp. 3d at 1068 (citing *Reinicke v. Creative Empire, LLC*, No. 12CV1405, 2013 WL 275900, at *6–7 (S.D. Cal. Jan. 24,

2013) ("Plaintiff asserts that Defendant have misappropriated the entire Work.")). The *Reinicke* court found the defendant's "contentions that the Complaint fails to allege a description of the Work with sufficient particularity to identify it and fails to allege what portions of the Work [were] infringed . . . are without merit." 2013 WL 275900, at *6; *see also IBM Corp. v. Micro Focus (US), Inc.*, 676 F. Supp. 3d 263, 273 n.6 (S.D.N.Y. 2023) ("Copyright claims are not subject to particularity in pleading." (internal quotation omitted)). As Shopline US recognizes, the entire HTML code is "138,451 lines" long. *See* Mot. at 13. The Court finds it would both be unnecessary and impracticable to require Shopify provide a line-by-line comparison for over a hundred thousand lines of code in its pleading. The allegations in the complaint were sufficient to state its claim.

This conclusion also resolves Shopline US's challenge to the complaint based on *de minimis* use, as Shopify is not solely alleging Shopline copied six lines of code. *See* Mot. at 13–14; *Gottlieb Dev. LLC v. Paramount Pictures Corp.*, 590 F. Supp. 2d 625, 632 (S.D.N.Y. 2008) ("[I]f the copying is *de minimis* and so 'trivial' as to fall below the quantitative threshold of substantial similarity, the copying is not actionable.").

Finally, as to the dates of Seed's creation and Dawn's registration, the Court finds it is sufficient that Shopify alleges the first (and seventh) versions of Dawn were registered in advance of Seed's creation. *See* Compl. ¶ 19; Mot. at 12. Shopline US may assert this defense later if it maintains that the Seed code at issue was drafted before the registration of Dawn's code. Such an inquiry, though, is not proper for the Court to consider upon a motion to dismiss. The Court finds

the complaint to sufficiently allege that Shopline US infringed Shopify's copyrighted code. Shopline US's motion to dismiss for failure to state a claim is therefore denied.[3]

## CONCLUSION

For the foregoing reasons, the motion to dismiss for lack of personal jurisdiction is **DENIED**. The motion to dismiss for failure to state a claim is also **DENIED**. The Clerk of Court is respectfully directed to terminate the pending motions at ECF Nos. 36 and 39. Defendant Shopline Technology and Shopline US shall file their answers to the complaint on or before **October 21, 2025**.

**SO ORDERED.**

Dated:    **September 30, 2025**
            **New York, New York**

_____
        **ANDREW L. CARTER, JR.**
        **United States District Judge**

---

[3] The Court notes that Shopline US's only argument to dismiss the contributory infringement claim is that Shopify fails to state its claim for direct infringement. *See* Mot. at 14 n.10. Having found that Shopify adequately pleads its direct claim, the Court accordingly finds it to have stated its contributory claim as well.