IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHOPIFY INC., <br><br> Plaintiff, <br><br> -against- <br><br> SHOPLINE TECHNOLOGY HOLDINGS PTE. LTD., SHOPLINE US, INC., and SINOXPRESS INC., <br><br> Defendants. | Case No. 1:24-cv-03691-ALC-GS <br><br> **SHOPLINE TECHNOLOGY HOLDINGS PTE. LTD.'S ANSWER AND AFFIRMATIVE DEFENSES TO SHOPIFY INC.'S COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

Defendant Shopline Technology Holdings Pte. Ltd. ("Shopline Technology")[1] hereby submits its Answer and Affirmative Defenses to Plaintiff Shopify Inc.'s ("Shopify" or "Plaintiff") Complaint (ECF No. 1) (the "Complaint"). Except as specifically admitted below, Shopline Technology denies Plaintiff's allegations. To the extent the opening paragraph or any of the headings or footnotes of this Complaint requires a response, Shopline Technology denies such allegations except as they are specifically admitted below.

1. Shopline Technology lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies them.

2. Shopline Technology denies that Dawn is protected by valid and enforceable copyrights. Shopline Technology otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies them.

---

[1] Shopline Technology denies that Shopify may refer to Shopline Technology and Shopline Commerce Pte. Ltd. in a collective manner throughout the Complaint, as Shopline Commerce Pte. Ltd. is not named as a defendant in this action. As such, no response on behalf of Shopline Commerce Pte. Ltd. is necessary for any allegation set forth herein, nor is any response herein on behalf of Shopline Technology intended to be, nor should it be construed as, a response on behalf of Shopline Commerce Pte. Ltd. The responses herein are made on behalf of Shopline Technology only and no other entities.

3. Shopline Technology denies the allegations contained in paragraph 3 except to admit that Shopline Technology is a subsidiary of Joyy, Inc.

4. Shopline Technology denies the allegations in paragraph 4.

5. Shopline Technology denies the allegations in paragraph 5 and denies it has committed any acts of infringement.

6. Shopline Technology denies that it has infringed any copyrights and denies that Shopify is entitled to any of the relief it seeks.

7. Shopline Technology lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8. Shopline Technology admits that Shopline US is a Delaware corporation with its principal place of business in New York and that Shopline US contracts with merchants in the United States. Shopline Technology denies the remaining allegations in paragraph 8.

9. Shopline Technology denies the allegations in paragraph 9.

10. Shopline Technology admits that it is a subsidiary of Joyy, Inc. and that Joyy, Inc. is a corporation headquartered in Singapore that trades under the NASDAQ ticker symbol JOYY. Shopline Technology also admits that Joyy, Inc. has other subsidiaries using variations of the name "Shopline." Shopline Technology denies the remaining allegations in paragraph 10.

11. Shopline Technology lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore denies them.

## JURISDICTION AND VENUE

12. Shopline Technology admits that this Court has subject matter jurisdiction for Plaintiff's claims regarding the Dawn theme pursuant to 28 U.S.C. §§ 1331 and 1338(a) and that Plaintiff brought this action under the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq*. Shopline

Technology denies that this Court has subject matter jurisdiction for any other items referenced in Plaintiff's Complaint.

13.     Shopline Technology admits that Shopline US is headquartered in New York. Shopline Technology denies the remaining allegations in paragraph 13.

14.     Shopline Technology denies the allegations in paragraph 14.

15.     Shopline Technology lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies them. To the extent any allegations in paragraph 15 are directed to Shopline Technology for which a response is required, they are denied.

16.     Shopline Technology denies the allegations in paragraph 16.

17.     Shopline Technology lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies them.

18.     Shopline Technology lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies them.

19.     Shopline Technology lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies them.

20.     Shopline Technology lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies them.

21.     Shopline Technology admits that Shopline provides platform services for building e-commerce sites that can operate with or without customizable website templates known as themes. Shopline Technology denies the characterizations contained in paragraph 21 and states that Shopline US's documents, themes and website speak for themselves.

22. Shopline Technology admits that Shopline US distributes Seed for use to U.S.-based merchants. Shopline Technology denies the remaining allegations in paragraph 22, and states that Shopline's online documents speak for themselves.

23. Shopline Technology denies the allegations in paragraph 23 except to state that Shopline US did announce its expansion into the United States and that its documents speak for themselves.

24. Shopline Technology denies the allegations in paragraph 24.

25. Shopline Technology denies the allegations in paragraph 25.

26. Shopline Technology denies the allegations in paragraph 26.

27. Shopline Technology denies the allegations in paragraph 27.

28. Shopline Technology denies the allegations in paragraph 28.

29. Shopline Technology denies the allegations in paragraph 29.

30. Shopline Technology denies the allegations in paragraph 30.

31. Shopline Technology denies the allegations in paragraph 31.

32. Shopline Technology denies the allegations in paragraph 32.

33. Shopline Technology denies the allegations in paragraph 33.

34. Shopline Technology denies the allegations in paragraph 34.

35. Shopline Technology denies the allegations in paragraph 35.

36. Shopline Technology denies the allegations in paragraph 36.

37. Shopline Technology denies the allegations in paragraph 37.

38. Shopline Technology denies the allegations in paragraph 38.

39. Shopline Technology denies the allegations in paragraph 39.

40. Shopline Technology denies the allegations in paragraph 40.

41. Shopline Technology denies the characterizations contained in paragraph 41 and states that Shopline US's website speaks for itself.

42. Shopline Technology lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore denies them.

43. Shopline Technology lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 43 and therefore denies them.

44. Shopline Technology denies that the Seed theme is infringing on any valid and protectable copyrighted work. Shopline Technology lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 44 and therefore denies them.

45. Shopline Technology denies any infringement related to and/or directly or proximately caused by the Seed theme, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and therefore denies the same.

## FIRST CAUSE OF ACTION

### (Direct Infringement Against All Defendants)

46. Shopline Technology reasserts and incorporates by reference its responses to all preceding paragraphs as if fully set forth herein.

47. Shopline Technology denies the allegations in paragraph 47.

48. Shopline Technology denies the allegations in paragraph 48.

49. Shopline Technology denies the allegations in paragraph 49.

The WHEREFORE clause sets forth Plaintiff's prayer for relief to which no response is required. To the extent a response is required, Shopline Technology denies the allegations in the WHEREFORE clause and specifically denies that Plaintiff is entitled to any relief.

## SECOND CAUSE OF ACTION

### (Contributory Infringement Against All Shopline Defendants)

50. Shopline Technology reasserts and incorporates by reference its responses to all preceding paragraphs as if fully set forth herein.

51. Shopline Technology denies the allegations in paragraph 51.

52. Shopline Technology denies the allegations in paragraph 52.

53. Shopline Technology denies the allegations in paragraph 53.

54. Shopline Technology denies the allegations in paragraph 54.

55. Shopline Technology denies the allegations in paragraph 55.

56. Shopline Technology denies the allegations in paragraph 56.

The WHEREFORE clause sets forth Plaintiff's prayer for relief to which no response is required. To the extent a response is required, Shopline Technology denies the allegations in the WHEREFORE clause and specifically denies that Plaintiff is entitled to any relief.

## PRAYER FOR RELIEF

Shopline Technology denies that Plaintiff is entitled to any relief whatsoever, including all relief requested in Plaintiff's "Prayer for Relief," inclusive of subparagraphs (a) through (d). To the extent any statement in the Prayer for Relief is deemed factual, it is denied.

## DEMAND FOR JURY TRIAL

Plaintiff's "Demand for Jury Trial" sets forth Plaintiff's jury demand and requires no response. To the extent any factual allegation is included in the demand, it is denied. Shopline Technology likewise requests a jury trial on all issues so triable.

## GENERAL DENIAL

Shopline Technology denies each and every allegation of the Complaint that is not specifically admitted herein.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Subject to the responses above, Shopline Technology alleges and asserts the following affirmative and additional defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, subject to its responses above, Shopline Technology specifically reserves all rights to allege additional defenses that become known at a later date.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, as they relate to Shopline Technology at least because Shopline Technology has no involvement in the alleged misconduct set forth in the Complaint as it is a holding company with no operations or employees.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's purported work, the Dawn themes or elements thereof asserted against Shopline Technology in this matter, are not protected by copyright and/or are not copyrightable subject matter including, for example, because Plaintiff's work or elements are functional and/or are directed to an idea, procedure, process, system, method of operation, concept, principle, or discovery, and thus do not constitute copyrightable subject matter. *See* 17 U.S.C. § 102(b); *see also* Copyright Compendium §§ 1007-1008.3.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because the Plaintiff's claimed work and/or any themes or elements thereof asserted against Shopline Technology in this matter are not protected by copyright and/or are not copyrightable subject matter because the elements are generic, functional and non-creative HTML, CSS and other mark-up languages directed to a website design, and not protected by copyright.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because the Plaintiff's claimed work and/or themes or elements thereof asserted against Shopline US are directed to the format, layout, and organization of information and documents on a website and/or to the look of the website and are not protected by copyright and are not copyrightable subject matter.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because the claimed work or elements thereof are functional and may only be expressed and implemented in a limited way to achieve the function and thus do not constitute copyrightable subject matter.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because the Plaintiff's claimed work and/or any themes or elements thereof asserted against Shopline Technology in this matter are not protected by copyright and do not constitute copyrightable subject matter.

**SEVENTH AFFIRMATIVE DEFENSE**

The elements of Plaintiff's claimed work are in the public domain or otherwise dedicated to the public and are not protected by copyright and do not constitute copyrightable subject matter.

**EIGHTH AFFIRMATIVE DEFENSE**

The elements of Plaintiff's claimed work are standard industry practices, web development conventions and/or best practices in website development that are routine, well-known and have been in use for decades and are thus not protected by copyright and do not constitute copyrightable subject matter and/or are scenes a faire.

**NINTH AFFIRMATIVE DEFENSE**

The elements of Plaintiff's claimed work are obvious, typical, routine and well-known and thus are not original and creative, and are not protected by copyright and do not constitute copyrightable subject matter.

**TENTH AFFIRMATIVE DEFENSE**

The elements of Plaintiff's claimed work are previously published or constitute third party or public material.

**ELEVENTH AFFIRMATIVE DEFENSE**

Shopline Technology has not directly, indirectly, willfully, or otherwise infringed, contributed to the infringement of, or actively induced others to infringe any valid and enforceable copyrights.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of misuse of copyright.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of implied license.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and/or entitlement to relief are barred, in whole or in part, by Plaintiff's failure to mitigate any purported damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of merger.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of scenes a faire.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, on the grounds that its copyrights are invalid for lack of creativity.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of independent creation.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any cognizable damage or injury.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Shopline US's Seed theme is not substantially similar to Plaintiff's claimed work.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Shopline US independently created its Seed theme.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's copyright registrations are invalid as they should never have been issued including on the bases of the Second through Tenth, Sixteenth and Seventeenth Affirmative Defenses above.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over any item mentioned in Plaintiff's Complaint for which Plaintiff has no copyright registration.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, with respect to Shopline Technology at least because the Court does not have personal jurisdiction over Shopline Technology.[2]

## RESERVATION OF RIGHTS

Shopline Technology reserves the right to supplement or amend this Answer to include additional affirmative and other defenses that are discovered during the course of this litigation.

## PRAYER FOR RELIEF

WHEREFORE, Shopline Technology respectfully requests that the Court:

A. Enter judgement on Plaintiff's Complaint for Copyright Infringement against Plaintiff and in Shopline Technology's favor;

B. Award Shopline Technology its costs in this action;

---

[2] Although the Court denied Shopline Technology's Motion to Dismiss for Lack of Personal Jurisdiction, Shopline Technology asserts its Twenty-Fourth Affirmative Defense for lack of personal jurisdiction for purposes of preserving the issue.

C. Award Shopline Technology its attorneys' fees pursuant to 17 U.S.C. § 505; and

D. Award Shopline Technology such other and further relief as the Court deems just and proper.

| | |
|---|---|
| DATED: October 21, 2025 | **QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br><br>By: */s/ Michael E. Williams*<br>Michael E. Williams (*pro hac vice*)<br>Kayla M. Rooney<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 443-3000<br>Email: michaelwilliams@quinnemanuel.com<br>           kaylarooney@quinnemanuel.com<br><br>Rachel E. Epstein<br>295 Fifth Avenue<br>New York, NY 10016<br>Telephone: (212) 849-7000<br>Email: rachelepstein@quinnemanuel.com<br><br>*Counsel for Defendants Shopline Technology Holdings, Ptd. Ltd.* |