IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHOPIFY INC.,<br><br>                 Plaintiff,<br><br>-against-<br><br>SHOPLINE TECHNOLOGY HOLDINGS PTE. LTD., SHOPLINE US, INC., and SINOXPRESS INC.,<br><br>                 Defendants. | Case No. 1:24-cv-03691-ALC-GS<br><br>**SHOPLINE US, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO SHOPIFY INC.'S COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Defendant Shopline US, Inc. ("Shopline US")[1] hereby submits its Answer and Affirmative Defenses and Counterclaims to Plaintiff Shopify Inc.'s ("Shopify" or "Plaintiff") Complaint (ECF No. 1) (the "Complaint"). Except as specifically admitted below, Shopline US denies Plaintiff's allegations. To the extent the opening paragraph or any of the headings or footnotes of this Complaint requires a response, Shopline US denies such allegations except as they are specifically admitted below.

1.     Shopline US lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies them.

2.     Shopline US denies that Dawn is protected by valid and enforceable copyrights. Shopline US otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies them.

---

[1] Shopline US denies that Shopify may refer to Shopline US and Shopline Commerce Pte. Ltd. in a collective manner throughout the Complaint, as Shopline Commerce Pte. Ltd. is not named as a defendant in this action. As such, no response on behalf of Shopline Commerce Pte. Ltd. is necessary for any allegation set forth herein, nor is any response herein on behalf of Shopline US intended to be, nor should it be construed as, a response on behalf of Shopline Commerce Pte. Ltd. The responses herein are made on behalf of Shopline US only and no other entities.

3. Shopline US denies the allegations contained in paragraph 3 except to admit that Shopline US is a subsidiary of Joyy, Inc.

4. Shopline US denies the allegations in paragraph 4.

5. Shopline US denies the allegations in paragraph 5 and denies it has committed any acts of infringement.

6. Shopline US denies that it has infringed any copyrights and denies that Shopify is entitled to any of the relief it seeks.

7. Shopline US lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8. Shopline US admits that it is a Delaware corporation with its principal place of business in New York and that it contracts with merchants in the United States. Shopline US denies the remaining allegations in paragraph 8.

9. Shopline US denies the allegations in paragraph 9.

10. Shopline US admits that it is a subsidiary of Joyy, Inc. and that Joyy, Inc. is a corporation headquartered in Singapore that trades under the NASDAQ ticker symbol JOYY. Shopline US also admits that Joyy, Inc. has other subsidiaries using variations of the name "Shopline." Shopline US denies the remaining allegations in paragraph 10.

11. Shopline US lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore denies them.

**JURISDICTION AND VENUE**

12. Shopline US admits that this Court has subject matter jurisdiction for Plaintiff's claims regarding the Dawn theme pursuant to 28 U.S.C. §§ 1331 and 1338(a) and that Plaintiff brought this action under the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.* Shopline US denies

that this Court has subject matter jurisdiction for any other items referenced in Plaintiff's Complaint.

13. Shopline US admits that it is headquartered in New York. Shopline US denies the remaining allegations in paragraph 13.

14. Shopline US denies the allegations in paragraph 14.

15. Shopline US lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies them. To the extent any allegations in paragraph 15 are directed to Shopline US for which a response is required, they are denied.

16. Shopline US denies the allegations in paragraph 16.

17. Shopline US lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies them.

18. Shopline US lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies them.

19. Shopline US lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies them.

20. Shopline US lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies them.

21. Shopline US admits that Shopline provides platform services for building e-commerce sites that can operate with or without customizable website templates known as themes. Shopline US denies the characterizations contained in paragraph 21 and states that its documents, themes and website speak for themselves.

22. Shopline US admits that it distributes Seed for use to U.S.-based merchants. Shopline denies the remaining allegations in paragraph 22, and states that Shopify's online documents speak for themselves.

23. Shopline US denies the allegations in paragraph 23 except to state that Shopline did announce its expansion into the United States and that its documents speaks for themselves.

24. Shopline US denies the allegations in paragraph 24.

25. Shopline US denies the allegations in paragraph 25.

26. Shopline US denies the allegations in paragraph 26.

27. Shopline US denies the allegations in paragraph 27.

28. Shopline US denies the allegations in paragraph 28.

29. Shopline US denies the allegations in paragraph 29.

30. Shopline US denies the allegations in paragraph 30.

31. Shopline US denies the allegations in paragraph 31.

32. Shopline US denies the allegations in paragraph 32.

33. Shopline US denies the allegations in paragraph 33.

34. Shopline US denies the allegations in paragraph 34.

35. Shopline US denies the allegations in paragraph 35.

36. Shopline US denies the allegations in paragraph 36.

37. Shopline US denies the allegations in paragraph 37.

38. Shopline US denies the allegations in paragraph 38.

39. Shopline US denies the allegations in paragraph 39.

40. Shopline US denies the allegations in paragraph 40.

41. Shopline US denies the characterizations contained in paragraph 41 and states that its website speaks for itself.

42. Shopline US lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore denies them.

43. Shopline US lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore denies them.

44. Shopline US denies that its Seed theme is infringing on any valid and protectable copyrighted work. Shopline US lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 44 and therefore denies them.

45. Shopline US denies any infringement related to and/or directly or proximately caused by its Seed theme, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and therefore denies the same.

## FIRST CAUSE OF ACTION

### (Direct Infringement Against All Defendants)

46. Shopline US reasserts and incorporates by reference its responses to all preceding paragraphs as if fully set forth herein.

47. Shopline US denies the allegations in paragraph 47.

48. Shopline US denies the allegations in paragraph 48.

49. Shopline US denies the allegations in paragraph 49.

The WHEREFORE clause sets forth Plaintiff's prayer for relief to which no response is required. To the extent a response is required, Shopline US denies the allegations in the WHEREFORE clause and specifically denies that Plaintiff is entitled to any relief.

## SECOND CAUSE OF ACTION

### (Contributory Infringement Against All Shopline Defendants)

50. Shopline US reasserts and incorporates by reference its responses to all preceding paragraphs as if fully set forth herein.

51. Shopline US denies the allegations in paragraph 51.

52. Shopline US denies the allegations in paragraph 52.

53. Shopline US denies the allegations in paragraph 53.

54. Shopline US denies the allegations in paragraph 54.

55. Shopline US denies the allegations in paragraph 55.

56. Shopline US denies the allegations in paragraph 56.

The WHEREFORE clause sets forth Plaintiff's prayer for relief to which no response is required. To the extent a response is required, Shopline US denies the allegations in the WHEREFORE clause and specifically denies that Plaintiff is entitled to any relief.

## PRAYER FOR RELIEF

Shopline US denies that Plaintiff is entitled to any relief whatsoever, including all relief requested in Plaintiff's "Prayer for Relief," inclusive of subparagraphs (a) through (d). To the extent any statement in the Prayer for Relief is deemed factual, it is denied.

## DEMAND FOR JURY TRIAL

Plaintiff's "Demand for Jury Trial" sets forth Plaintiff's jury demand and requires no response. To the extent any factual allegation is included in the demand, it is denied. Shopline US likewise requests a jury trial on all issues so triable.

## GENERAL DENIAL

Shopline US denies each and every allegation of the Complaint that is not specifically admitted herein.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Subject to the responses above, Shopline US alleges and asserts the following affirmative and additional defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, subject to its responses above, Shopline US specifically reserves all rights to allege additional defenses that become known at a later date.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's purported work, the Dawn themes or elements thereof asserted against Shopline US in this matter, are not protected by copyright, and/or are not copyrightable subject matter including, for example, because Plaintiff's work or elements are functional, and/or are directed to an idea, procedure, process, system, method of operation, concept, principle, or discovery, and thus do not constitute copyrightable subject matter. *See* 17 U.S.C. § 102(b); *see also* Copyright Compendium §§ 1007-1008.3.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the Plaintiff's claimed work and/or any themes or elements thereof asserted against Shopline US in this matter are not protected by copyright and/or are not copyrightable subject matter because the elements are generic, functional and non-creative HTML, CSS and other mark-up languages directed to a website design, and not protected by copyright.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the Plaintiff's claimed work and/or themes or elements thereof asserted against Shopline US are directed to the format, layout, and organization of information and documents on a website and/or to the look of the website and are not protected by copyright and are not copyrightable subject matter.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the claimed work or elements thereof are functional and may only be expressed and implemented in a limited way to achieve the function and thus do not constitute copyrightable subject matter.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the Plaintiff's claimed work and/or any themes or elements thereof asserted against Shopline in this matter are not protected by copyright and do not constitute copyrightable subject matter.

## SIXTH AFFIRMATIVE DEFENSE

The elements of Plaintiff's claimed work are in the public domain or otherwise dedicated to the public and are not protected by copyright and do not constitute copyrightable subject matter.

## SEVENTH AFFIRMATIVE DEFENSE

The elements of Plaintiff's claimed work are standard industry practices, web development conventions, and/or best practices in website development that are routine, well-known, and have been in use for decades and are thus not protected by copyright and do not constitute copyrightable subject matter and/or are scenes a faire.

**EIGHTH AFFIRMATIVE DEFENSE**

The elements of Plaintiff's claimed work are obvious, typical, routine and well-known and thus are not original and creative, and are not protected by copyright and do not constitute copyrightable subject matter.

**NINTH AFFIRMATIVE DEFENSE**

The elements of Plaintiff's claimed work are previously published or constitute third party or public material.

**TENTH  AFFIRMATIVE DEFENSE**

Shopline US has not directly, indirectly, willfully, or otherwise infringed, contributed to the infringement of, or actively induced others to infringe any valid and enforceable copyrights.

**ELEVENTH  AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of misuse of copyright.

**TWELFTH  AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of implied license.

**THIRTEENTH  AFFIRMATIVE DEFENSE**

Plaintiff's claims and/or entitlement to relief are barred, in whole or in part, by Plaintiff's failure to mitigate any purported damages.

**FOURTEENTH  AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

**FIFTEENTH  AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of merger.

**SIXTEENTH  AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of scenes a faire.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, on the grounds that its copyrights are invalid for lack of creativity.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of independent creation.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any cognizable damage or injury.

### TWENTIETH AFFIRMATIVE DEFENSE

Shopline's Seed theme is not substantially similar to Plaintiff's claimed work.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Shopline independently created its Seed theme.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's copyright registrations are invalid as they should never have been issued including on the bases of the First through Ninth, Fifteenth and Sixteenth Affirmative Defenses above.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over any item mentioned in Plaintiff's Complaint for which Plaintiff has no copyright registration.

### RESERVATION OF RIGHTS

Shopline US reserves the right to supplement or amend this Answer to include additional affirmative and other defenses that are discovered during the course of this litigation.

**PRAYER FOR RELIEF**

WHEREFORE, Shopline US respectfully requests that the Court:

A. Enter judgement on Plaintiff's Complaint for Copyright Infringement against Plaintiff and in Shopline US' favor;

B. Award Shopline US its costs in this action;

C. Award Shopline US its attorneys' fees pursuant to 17 U.S.C. § 505; and

D. Award Shopline US such other and further relief as the Court deems just and proper.

**SHOPLINE US'S COUNTERCLAIMS AGAINST SHOPIFY**

Counterclaim-Plaintiff Shopline US, by and through its undersigned counsel alleges its Counterclaims against Counterclaim-Defendant Shopify as follows:

**PARTIES**

1. Counterclaim-Plaintiff, Shopline U.S. Inc. ("Shopline US") is a Delaware corporation with its principal place of business in New York.

2. Upon information and belief, Counterclaim-Defendant Shopify is a corporation organized under the laws of Canada with its headquarters in Ottawa, Ontario, Canada.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 1338(a) because this action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et. seq*.

4. This Court has personal jurisdiction and venue is proper because Counterclaim-Defendant consented to jurisdiction herein by initiating this action in this Court.

**FACTUAL BACKGROUND**

5. Shopline is a leader and rapidly growing technology company. Shopline US was established in 2023 to operate the U.S. market and is responsible for serving U.S.-based merchants.

6. Shopline US offers software as a service ("SaaS") to its business customers, offering platform services for building e-commerce websites and business operations support to its business customers to help them create and build their online store on the internet.

7. Shopline US also offers customizable storefront "templates" or "themes", as supplementary components, for merchants adopting Shopline platform services to allow customers to more easily and efficiently decorate or design their online stores during their usage of the platform service. Themes (e.g., "Seed") are available as optional tools for store design, rather than a mandatory part of the service. Users have the flexibility to use, customize, or bypass such themes entirely, depending on their needs.

8. Shopline US's themes are directed solely to how the appearance of the webstore looks to the webstore's customers—the end user.

9. As a benefit to Shopline's US customers that use a Shopline theme for the creation of the look and feel of a Shopline customer's webstore and website pages, Shopline US also offers business operations support through its software services and custom plug-ins which provide many business operations advantages to Shopline US's business customers.

10. Shopline US offers cutting edge dynamic webstore features and operation support for websites developed through Shopline's services. Some of these features and options include but are not limited to numerous innovative and integrated apps options, for example, an inventory management social media integration and interface, and a unified platform to sell, market, and

respond to customer service emails, to name just a few of the innovative features and services offered.

11. One of the website templates offered by Shopline is the "Seed" theme. The Seed theme is an online store template that contains options and choices for a merchant to develop and customize the look of its online store and website.

12. The Seed theme was created using Shopline's template language, Handlebars, along with HTML, CSS, JavaScript and JSON.

13. The Seed theme is comprised of standard web technologies and industry wide best practices that are common and routine across modern front-end website development. All of these technologies are publicly available, widely known and routinely used across the web. They are either governed by open source standards or distributed as open source software, publicly available, and are accessible to anyone with basic web development knowledge.

14. Shopify's Dawn theme elements are comprised of a standard and common set of widely used technologies that are widely used in front-end website development. The Dawn theme elements are comprised of and includes HTML, CSS, JavaScript and liquid templating language. HTML, CSS and JavaScript are considered foundational technologies of the internet. Templating languages such as liquid in front-end website display development have been in use, widely available and standard industry practice since the 1990s. All of these technologies are publicly available, widely known and routinely used across the web. Nearly all websites use them to control how the website looks. They are either governed by open source standards or distributed as open source software meaning they are not proprietary or secret and are accessible to anyone with basic website development knowledge.

15. The Seed theme was independently developed by Shopline, and its core technical architecture is fundamentally different from Shopify's Dawn theme. Seed was created using the Handlebars (https://handlebarsjs.com/) templating language adopted by Shopline, with re-developed enhancements, whereas Dawn was created using a completely different templating language, Liquid. Because Seed was natively developed within the Handlebars framework, its underlying architecture differs systematically from Liquid-based themes in areas including but not limited to template-directive syntax, extension mechanisms, and the rendering pipeline, among other architectural differences.

16. The elements of the Dawn theme are open standard and/or open source, in the public domain, are widely used and well-known, are functional, are not creative, are not novel and original and are otherwise not copyrightable subject matter and/or are not protected by Copyright.

17. In or about April 2024, Counterclaim-Defendant Shopify filed its application for copyright registration for three versions of its Dawn theme, versions 1.0.0, 7.0.0, and 13.0.0.

18. Shopify first claimed all versions of the Dawn theme were a computer program. With respect to version 1.0.0, the Copyright Office informed Shopify that its Dawn theme was not a copyrightable computer program and rejected registration as a computer program on that basis. The Copyright Office explained that Shopify's Dawn theme was comprised of HTML markup language instructions to format text and images, not computer source code, and it requested authorization to remove the "computer program" language from the application, to which Shopify agreed.

19. Dawn versions 7.0.0 and 13.0.0 fared no better. Though reviewed by a different examiner than version 1.0.0, the examiner specifically informed Shopify that these versions likewise were not registerable as a computer program.

20. For versions 7.0.0 and 13.0.0, Shopify responded by sending the examiner a list of what Shopify claimed to be the source code portions, to which the examiner reiterated that "Dawn Theme v. 7.0.0 and … v. 13.0.0 [are] almost entirely comprised of various types of markup code," and confirmed that the "Copyright Office will not register [it] as a computer program because it does not constitute source code, but rather markup language instructions to format text and images."

21. Thus, contrary to Plaintiff's Complaint in paragraph 2, and the positions taken in motion practice to date, Plaintiff's "Dawn" theme is not protected as a computer program.

22. Moreover, the JavaScript and substantial HTML, CSS, and other markup languages contained in the Dawn theme are not copyrightable subject matter because they are directed to the format, layout, look and spacing of how a website is organized and laid out and are expressly excluded from copyrightability and copyright protection. Further, they are comprised of widely used, standard, functional, open source, open standard and/or public domain components, that as contained in the Dawn theme do not constitute copyrightable subject matter.

23. Specifically, the JavaScript elements contained in the Dawn theme are open standard and/or open source, freely available to the public, and are not creative or original, and are thus not copyrightable.

24. The HTML elements contained in the Dawn theme are not copyrightable as they are directed to the layout, format, spacing and look of the images and content on the website itself, which is functional, and not copyrightable.

25. The HTML elements contained in the Dawn theme are not copyrightable, as they are functional, open standard and/or open source freely available to the public and in the public domain or otherwise have been in public use for website development for decades.

15

26. The HTML elements contained in the Dawn theme are not registerable and are not protected by copyright, as a registration for HTML will not cover any formatting or layout of the website nor any audio, visual, or audio visual content on the website.

27. Works or elements of a work that involve style sheet languages such as cascading style sheets are not copyrightable as they are directed to the method of formatting or laying out information, and/or the CSS elements contained in the Dawn theme are open source, open standard, in the public domain and not copyrightable.

28. Works or elements of a work that are directed to the format or layout of information, photos and/or documents of a website are not copyrightable.

29. Shopify's Dawn theme is not copyrightable because it does not meet the requirements set out by the Copyright Office, does not contain the requisite amount of creative and original expression, and is specifically excluded from copyrightability by the Copyright Office.

30. Shopify's Dawn theme is not copyrightable because its elements are in the public domain or otherwise dedicated to the public.

31. Shopify's Dawn theme is not copyrightable as its elements are standard, routine, purely functional, generic, well-known, long used, standard web technologies and are not creative and original expressions subject to copyright protection.

32. Shopify's Dawn theme is not copyrightable because its theme is directed to the methods of formatting and laying out the organization of documents and information using mark-up language which is not copyrightable subject matter.

## COUNT I
### Declaratory Judgment (No Copyright Infringement)

33. Shopline US repeats and incorporates by reference ¶¶ 1-32 of its Counterclaims and repeats and incorporates its Answer to Shopify's Complaint.

34. This is an action for declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

35. There exists an actual controversy between Shopline US and Shopify regarding Shopline US's Seed theme.

36. Shopline US has not infringed any valid copyright owned by the Plaintiff Counterclaim-Defendant.

37. Shopline US is entitled to a declaration by this Court that it does not infringe any valid copyright of Plaintiff based upon the above allegations contained in ¶¶ 1-36, and/or based on one or more of the Affirmative Defenses in its Answer, and/or based on one or more of the following reasons:

   a. Counterclaim Defendant's claimed "work is not copyrightable subject matter and is therefore not covered by copyright protection.

   b. Counterclaim Defendants claimed "work" is not copyrightable.

   c. Counterclaim Plaintiff independently created its Seed theme.

   d. Counterclaim Plaintiff's Seed theme is not substantially similar to any protectible elements of Plaintiff's claimed work.

38. The allegations made by the Counterclaim Defendant in its Complaint against Shopline US create the reasonable risk and apprehension of ongoing and future litigation against Counterclaim Plaintiff which inhibits and impacts Shopline US's business and commercial activities, requiring the requested declaration by the Court.

17

## COUNT II
## Declaratory Judgment (Copyright Invalidity)

39. Shopline US repeats and incorporates the allegations contained in ¶¶ 1-38 herein and incorporates and repeats its Answer to Plaintiff's Complaint.

40. This is an action for declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

41. There exists an actual controversy between Shopline US and Shopify regarding Shopline's Seed theme.

42. For all the above reasons outlined in ¶¶ 1-41 and/or one or more of Shopline US's Affirmative Defenses in its Answer, Shopify's claimed work is not copyrightable subject matter, is not protectable by copyright law and Shopify's registrations are invalid.

43. Therefore, Shopline US is entitled to a declaration by this Court that Shopify's copyright registrations are invalid and unenforceable.

44. The allegations made by the Counterclaim-Defendant in its Complaint against Shopline US create the reasonable risk and apprehension on ongoing and future litigation against Counterclaim-Plaintiff which inhibits and impacts Shopline US's business and commercial activities, requiring the requested declaration by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim-Plaintiff requests that the Court enter judgment in their favor against Counterclaim-Defendant on this Counterclaim and provide the following relief:

    A. A judgment declaring that Counterclaim-Plaintiff, Shopline US has not infringed, and is not infringing, any valid and enforceable copyright of Counterclaim-Defendant, Shopify;

B. A judgment declaring that Counterclaim-Defendant Shopify's Dawn theme does not constitute copyrightable subject matter and is not protectable by copyright and that its copyright registrations are invalid.

C. An Order dismissing Shopify's Complaint against Shopline US with prejudice;

D. An award of attorneys' fees and costs to Shopline US; and

Such other and further relief as the Court deems just and proper.

DATED: October 21, 2025

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By: */s/ Michael E. Williams*
Michael E. Williams (*pro hac vice*)
Kayla M. Rooney
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Email: michaelwilliams@quinnemanuel.com
　　　　kaylarooney@quinnemanuel.com

Rachel E. Epstein
295 Fifth Avenue
New York, NY 10016
Telephone: (212) 849-7000
Email: rachelepstein@quinnemanuel.com

*Counsel for Defendants Shopline US, Inc.*