UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHOPIFY INC.,

                            Plaintiff,

  -against-

SHOPLINE TECHNOLOGY
HOLDINGS PTE. LTD., et al,,

                          Defendants.

No. 24-cv-3691 (ALC) (GS)

STIPULATION AND
PROTECTIVE ORDER

---

      WHEREAS, the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that they may need to disclose in connection with discovery in this case; and

      WHEREAS, the Parties, through counsel, agree to the following terms; and

      WHEREAS, the Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

      IT IS HEREBY ORDERED that any "person" subject to this Stipulation and Protective Order ("Protective Order")—including without limitation the Parties to this action, their officers, directors, employees, representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

      1.     Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") or "Highly Confidential – Attorneys' Eyes Only" (hereinafter "Highly Confidential – Attorneys' Eyes Only Discovery Material") shall not disclose such Confidential Discovery Material and Highly Confidential – Attorneys' Eyes Only Discovery Material (collectively, "Protected Material") to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material, including third parties or non-parties to this action, or that person's counsel may designate such material as Confidential, in whole or in part, only if counsel determines reasonably and in good faith that such designation is necessary to protect the interests of the client in information that is proprietary or otherwise sensitive and non-public financial or business information; that is of a personal or intimate nature regarding any individual; or that is subject to a contractual or other duty of confidentiality owed by the client to a third party.

3. A producing entity may designate as "Highly Confidential – Attorneys' Eyes Only" any document or other material that includes information whose disclosure would create a substantial risk of serious financial or other injury that cannot be avoided by less restrictive means, including but not limited to trade secrets and competitively sensitive strategic planning information.

4. With respect to the Confidential or Highly Confidential – Attorneys' Eyes Only portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility.

5. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may designate such portion as Confidential or Highly Confidential – Attorneys' Eyes Only either by (a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential – Attorneys' Eyes Only information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Highly Confidential – Attorneys' Eyes Only Information Governed by Protective Order"); or (b) notifying the reporter and all counsel of record, in writing, within 20 days after receiving a final copy of the deposition transcript, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential or Highly Confidential – Attorneys' Eyes Only, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 10-day period following the Parties' receipt of a final copy of the deposition transcript, the entire deposition transcript will be treated as if it had been designated Highly Confidential – Attorneys' Eyes Only, and during the following 10-day period (until 20 days after receipt of the final copy), all portions of deposition transcript will be treated as if designated at least Confidential, to allow counsel for the parties to designate specific testimony under this Protective Order as either Confidential or Highly Confidential – Attorneys' Eyes Only. The Parties may agree to shorten these periods to the extent case deadlines require.

6. Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for the Parties will address their dispute to this Court in accordance with Section II of Magistrate Judge Stein's Individual Practices in Civil Cases.

7. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that it previously had produced without limitation should be designated as Confidential or Highly Confidential – Attorneys' Eyes Only, such producing person may so designate such material by so apprising all prior recipients in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to be and treated as Confidential or Highly Confidential – Attorneys' Eyes Only under the terms of this Protective Order. The producing person may also provide substitute copies of the Discovery Material bearing the Confidential or Highly Confidential – Attorneys' Eyes Only designation. The receiving person must then treat the Discovery Material in accordance with the new designation, and take reasonable steps to retrieve and destroy all copies of the previously produced version of the Discovery Material from anyone who had received it, and destroy any electronic copies of the previously produced version.

8. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel for the Parties, including in-house counsel, any paralegal, clerical and other assistant employed by such counsel and assigned to this matter or to whom it is reasonably necessary to disclose the information for this litigation;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that the receiving Party's counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(d) any mediator engaged by the Parties or appointed by the Court in this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) any person retained by a Party as a consultant or expert to assist in the prosecution or defense of this action, to the extent deemed necessary by counsel, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) court reporters and their staff, including stenographers engaged to transcribe depositions conducted in this action; and

(i) this Court, including any appellate court, and the court reporters and support personnel for the same.

9. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Highly Confidential – Attorneys' Eyes Only to any other person whomsoever, except to:

(a) the receiving Party's outside counsel of record in this action, and any paralegal, clerical and other assistant employed by such counsel and assigned to this matter or to whom it is reasonably necessary to disclose the information for this litigation;

(b) no more than three (3) individuals from the receiving Party's in-house counsel team to whom disclosure is reasonably necessary for this litigation, provided such persons have executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that the receiving Party's counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system, provided such persons have executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(d) any mediator engaged by the Parties or appointed by the Court in this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee and any other person indicated on the face of the document as having received a copy;

(f) any person retained by a Party as a consultant or expert to assist in the prosecution or defense of this action, to the extent deemed necessary by counsel, provided (1) such person has first executed a Non-Disclosure Agreement in the form annexed as an

Exhibit hereto; (2) the Non-Disclosure Agreement is served upon the producing Party with a copy of a good-faith, up-to-date curriculum vitae of the person; and (3) the receiving Party makes a request to disclose the Highly Confidential – Attorneys' Eyes Only Material pursuant to Section 9 below and otherwise complies with the requirements of Section 9 below.  For the avoidance of doubt, such good-faith curriculum vitae shall not omit information appearing on any curriculum vitae submitted for the person in other litigation.

      (g)    court reporters and their staff, including stenographers engaged to transcribe depositions conducted in this action; and

      (h)    this Court, including any appellate court, and the court reporters and support personnel for the same.

      10.    A receiving Party that makes a request to disclose Highly Confidential – Attorneys' Eyes Only Material to an expert or consultant and provides the information specified in the preceding Section 8(f) may disclose the subject Highly Confidential – Attorneys' Eyes Only Discovery Material to the identified expert or consultant unless, within 10 calendar days of delivering the request, the Party receives a written objection from the producing Party. Any such objection must set forth in detail the grounds on which it is based. In the event the producing Party makes a timely objection, the receiving Party may not disclose the Highly Confidential – Attorneys' Eyes Only Discovery Material to the challenged individual absent resolution of the dispute or Court order. A Party that receives a timely written objection must meet and confer with the producing Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If the Parties cannot reach agreement within seven days of the written objection, the receiving Party may, within three business days following the meet and confer, file a letter motion with the Court for an order allowing the disclosure of the Highly Confidential – Attorneys' Eyes Only Discovery Material to the expert or consultant or for other appropriate relief, in accordance with Section II of Magistrate Judge Stein's Individual Practices in Civil Cases. If the receiving Party fails to file a letter motion within the prescribed period, any objection to the expert or consultant is sustained, and Highly Confidential – Attorneys' Eyes Only Discovery Material may not thereafter be disclosed to such individual. If the receiving Party files a timely letter motion, Highly Confidential – Attorneys' Eyes Only Discovery Material shall not be disclosed to the challenged individual until and unless a final ruling allowing such disclosure is made by this Court or by the consent of the objecting Party, whichever occurs first.  There shall be no right to seek discovery, including depositions, of any expert or consultant who receives Highly Confidential – Attorneys' Eyes Only Discovery Material under this provision unless and until (1) they are designated as testifying experts under Rule 26 or (2) the Party who retained the consultant or that Party's designated testifying expert otherwise expressly and affirmatively relies on the consultant to support the Party's position in this case.

11. Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work product protection is waived by inadvertent disclosure connected with this litigation. When a producing Party gives notice to a receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the Party making the claim may notify any Party that received the information of the claim and the basis for it. After being notified, a Party must promptly return or destroy the specified information and any copies it has and may not sequester, use, or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the court for a determination of the claim except that the producing Party will provide the document to the Court in response to a court order for in camera review.

12. Recipients of Protected Material under this Protective Order may use such material solely for the prosecution and defense of this action, and specifically (and by way of example and not limitation) may not use Protected Material for any business, commercial or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to discovery in this action.

13. Nothing in this Protective Order will prevent any person subject to it from producing any Protected Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving such a request will (unless prohibited by law from doing so) provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 business days before any disclosure. This notice is intended to enable the producing person to seek to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

14. All persons seeking to file redacted documents or documents under seal with the Court in connection with non-dispositive matters, or in cases where the Parties have consented to the jurisdiction of Magistrate Judge Stein for all purposes, shall follow Section I(H) of Magistrate Judge Stein's Individual Practices in Civil Cases as well as the applicable provisions of the Federal Rules of Civil Procedure and rules and standing orders of the U.S. District Court for the Southern District of New York. With respect to dispositive matters, the Individual Rules of the presiding District Judge shall be followed instead of Magistrate Judge Stein's Individual Practices. The Parties shall use their best efforts to minimize such sealing.

15. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Protected Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential or Highly Confidential – Attorneys' Eyes Only.

16. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing ("ECF") system, that redacts only the Protected Material itself, and not text that in no material way reveals the Protected Material.

17. Each person who has access to Protected Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he or it immediately shall notify the producing person of the same and cooperate with the producing person to address and remedy the breach. The producing party may redact such PII prior to production, provided the PII is not relevant to the claims or defenses in the case. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

19. The Parties do not, by agreeing to the Protective Order, waive any objections they may have to discovery requests propounded by another Party in this case.

20. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Protected Material, and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. Notwithstanding the foregoing, each Party's outside counsel of record in this action, and in-house counsel who comply with Section 6(b) above, may retain one archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Material, as well as any and all emails that contain, discuss or summarize such information.

21. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED:

| **Wilson Sonsini Goodrich & Rosati P.C.** | **Quinn Emanuel Urquhart & Sullivan, LLP** |
|---|---|
| *Attorneys for Plaintiff Shopify Inc.* | *Attorneys for Defendants Shopline Technology Pte. Ltd. and Shopline US, Inc.* |
| By: /s/ Jeremy Auster | By: /s/ Michael E. Williams |
| Jeremy Auster | Michael E. Williams |
| 1301 Ave. of the Americas, 40th Fl. | 865 S. Figueroa Street, 10th Floor |
| New York, New York 10019 | Los Angeles, California 90017 |
| (212) 999-5800 | (212) 443-3000 |
| David H. Kramer (*admitted phv*) | Rachel E. Epstein |
| 650 Page Mill Road | 295 Fifth Avenue |
| Palo Alto, California 94304 | New York, New York 10016 |
| (650) 493-9300 | (212) 849-7000 |
| Dated: October 31, 2025 | Dated: October 31, 2025 |

SO ORDERED:

_____
GARY STEIN
United States Magistrate Judge

Dated: November 4, 2025

21. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED:

| **Wilson Sonsini Goodrich & Rosati P.C.** | **Quinn Emanuel Urquhart & Sullivan, LLP** |
|---|---|
| *Attorneys for Plaintiff Shopify Inc.* | *Attorneys for Defendants Shopline Technology Pte. Ltd. and Shopline US, Inc.* |

By: /s/ Jeremy Auster
    Jeremy Auster
    1301 Ave. of the Americas, 40th Fl.
    New York, New York 10019
    (212) 999-5800

    David H. Kramer (*admitted phv*)
    650 Page Mill Road
    Palo Alto, California 94304
    (650) 493-9300

    Dated: October 31, 2025

By: /s/ Michael E. Williams
    Michael E. Williams
    865 S. Figueroa Street, 10th Floor
    Los Angeles, California 90017
    (212) 443-3000

    Rachel E. Epstein
    295 Fifth Avenue
    New York, New York 10016
    (212) 849-7000

    Dated: October 31, 2025

SO ORDERED:

_____
GARY STEIN
United States Magistrate Judge

Dated:  November 4, 2025

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHOPIFY INC.,<br><br>　　　　　　　　　　Plaintiff,<br><br>  -against-<br><br>SHOPLINE TECHNOLOGY<br>HOLDINGS PTE. LTD., et al,,<br><br>　　　　　　　　　　Defendants. | No. 24-cv-3691 (ALC) (GS)<br><br>STIPULATION AND<br>PROTECTIVE ORDER |

　　　　I, _____ , acknowledge that I have read and understand the Stipulation and Protective Order (the "Protective Order") in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential and Highly Confidential – Attorneys' Eyes Only ("Protected Material"). I agree that I will not disclose such Protected Material to any other person; that I will not use such Protected Material other than for purposes of this litigation; and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or, upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

　　Dated: _____　　　　　　_____